THE ÆTNA LIFE INS. CO. v. BISHOP ET AL.

1. **Mortgage:** PRIOR MORTGAGE NOT INDEXED, BUT RECITED IN MORTGAGOR'S DEED: NOTICE: PRIORITY. One who claims a title or right in real estate under another must be presumed to have knowledge of the recitals in a conveyance to his immediate grantor. (See opinion for authorities.) Accordingly, one who takes a mortgage from another, whose deed recites the existence of a prior mortgage, is thereby charged with constructive notice of such prior mortgage, though it is not indexed on the records, and his lien will be subject thereto.

2. **Practice on Appeal:** SEVERAL HEARINGS: CERTIFYING EVIDENCE. Where there were separate hearings as to several defendants in an equity case, but the same evidence was used on each hearing, it was not necessary, where that fact was made to appear, on an appeal by the several defendants, to have the evidence certified and set out in the record more than once, in order to secure a trial *de novo* as to each of them.

*Appeal from Warren Circuit Court.*

FRIDAY, OCTOBER 22.

ACTION to foreclose a mortgage. Certain junior lien holders, as the plaintiff claimed, were made defendants. The court found and determined that plaintiff's mortgage was the junior lien, and it appeals.

*Creighton & Hays* and *Ayres Bros.*, for appellant.

*A. H. Denman*, for appellee.

SEEVERS, J.—On the seventeenth day of September, 1877

one Lake executed the mortgage sought to be foreclosed to the plaintiff, which mortgage was filed for record on the same day, and duly recorded. In 1878, Lake conveyed to one Gray, and the conveyance contains this statement: "Subject to a mortgage lien of five hundred dollars, and interest from January 1, 1878, payable annually, and due in five years from that date, to the Ætna Insurance Company." Gray conveyed to Griffin, and the conveyance contains a like statement; and Griffin to Yensmaster, which deed contained a like stipulation. In 1879, Yensmaster conveyed to Mary A. Williams, and the conveyance contains this stipulation: "Subject to a mortgage lien of five hundred dollars, and interest from January 1, 1879, payable annually, and due five years from date, to the Ætna Insurance Company, which mortgage the said Mary A. Williams assumes." All of the foregoing conveyances subsequent to the mortgage were duly recorded about the time they were executed, and prior to the execution of the mortgages under which the defendants claim, which were executed by the said Mary Williams and her husband, and were all duly entered in the index book, and recorded prior to 1884, when the plaintiff's mortgage was so entered in the index book. The plaintiff claims that the defendants had notice of the plaintiff's mortgage from the several conveyances under which they claim, and that they are bound by the knowledge thus obtained, or which they might have obtained. The defendants deny all knowledge of the mortgage, and the question is whether the lien of the plaintiff or that of defendants has priority.

I.   The conveyance to Mrs. Williams, who executed the mortgage under which the defendants claim, contains a statement that a prior mortgage on the real estate had been executed to the plaintiff. If the defendants had seen such deed before taking their mortgages, they would undoubtedly be bound by the knowledge thus obtained. Were they bound to know of such recital? They claim under Mrs. Williams, and

1. MORTGAGE: prior mortgage not indexed, but recited in mortgagor's deed: notice: priority.

we think they are presumed or are bound to know of recitals in the conveyance to her which affect the title. It cannot be that it is necessary to show that the defendants saw the deed to Mrs. Williams. Certainly the defendants were put on inquiry as to the conveyance and title under which Mrs. Williams held. Notice is either knowledge, or having the means of knowledge, although such means may not be used. Any one who claims a title or right under another must be presumed to have knowledge of the recitals in a conveyance to his immediate grantor, and that is as far as we are required to go in this case. A person may not in fact know of recitals in a conveyance to himself, yet he is bound by them, for he had the means of knowledge; and so here, the defendants may not in fact have known of the recitals in the conveyance to Mrs. Williams, and yet they must be presumed to have known of the conveyance to her under which they claim, and thus it is brought home to them that they had the means of knowledge, and therefore had notice of the plaintiff's mortgage. We understand that the question under consideration has been determined by this court, and that such rule, to say the least, is sustained by the decided weight of authority. *State v. Shaw*, 28 Iowa, 67; *Hall v. Orvis*, 35 Id., 366; *Baker v. Mather*, 25 Mich., 51; *Reeder v. Barr*, 4 Ohio, 446; *Bell v. Twilight*, 22 N. H., 500; *Brush v. Ware*, 15 Pet., 93; *White v. Foster*, 102 Mass., 375; *Oliver v. Piatt*, 3 How., 332. The court erred in holding that the defendants held the superior lien.

II. The case came on to be heard as to all the defendants, and the court determined that the mortgage given to Williamson and Bishop was void, and from this judgment no appeal has been taken. The court further decreed that the mortgage to A. C. Bishop was superior to the plaintiff's, and a decree by default was rendered against the defendant Phillips. This default was set aside, and the case came on for hearing as between the plaintiff and Phillips, and the plaintiff "intro-

2. PRACTICE on appeal: several hearings : certifying evidence.

duced the same evidence that was introduced on the hearing of this case on the cross petition of Williamson and Bishop and A. C. Bishop, and the decree entered thereon as hereinbefore set out." The appellees, and especially Phillips, insist that there is no evidence in the record which will entitle the plaintiff to a trial anew in this court. The evidence introduced at the first hearing is all properly certified, and is set forth in the record, and the same evidence was introduced at the second hearing. There was no necessity to have the evidence twice certified to and identified, or to print it a second time in the record.

The decree of the circuit court must be reversed, and the case remanded to the court to enter a decree in accordance with this opinion, or the plaintiff may have a decree in this court if it so elects.

REVERSED.