### WOOD v. PAINE et al.

#### (Circuit Court, D. Rhode Island. March 29, 1895.)

#### No. 2,501.

1. WILLS—ACTION TO CONSTRUE—JURISDICTION OF FEDERAL COURTS.
   A will having been established by competent authority, the federal courts have jurisdiction to determine its interpretation, in an action between citizens of different states.

2. CHARITABLE DEVISE—DESIGNATION OF BENEFICIARIES—WANT OF TRUSTEE.
   A devise to the town council of Coventry, R. I., in trust for the support of the poor of said town, is not void for uncertainty as to the beneficiaries, or incapacity of the trustee to take,—town councils in Rhode Island being unincorporated bodies,—as a court of chancery will not permit a charitable trust to fail for want of a trustee, or because its particular purposes are uncertain.

Bill in equity by Horace B. Wood against George T. Paine and others for the construction of a will, and for further relief. Defendants demurred to the bill.

Dexter B. Potter, for complainant.
Thomas C. Greene, for respondent Paine.
Ezra K. Parker, for respondents Capwell and others.

CARPENTER, District Judge. This is a bill in equity filed by Horace B. Wood, a citizen of the state of Michigan, against George T. Paine, Searles Capwell, Albert D. Burnham, Josiah Andrews, Daniel H. Freeman, and George A. Field, citizens of the state of Rhode Island, and alleges as follows:

"That one Horatio N. Waterman, at the time of his decease, resided in East Greenwich, county of Kent, said state of Rhode Island, and was a citizen of said state. That he died on or about the 16th day of June, A. D. 1891, leaving an instrument in writing which purported to be his last will and testament, and which was admitted to probate in the probate court in said town of East Greenwich; and, an appeal therefrom having been taken to the supreme court of said state, said will was sustained by a verdict of a jury, and a final decree was entered in said court again admitting said will to probate, but no construction was put upon any of the several clauses of said will, nor was your orator a party to said proceedings. That a new trial was afterwards petitioned for, but the petition was dismissed, and all legal proceedings in said matter are now ended in the state courts. That in and by said will, a copy of which is hereto annexed as Exhibit A, and made a part hereof, said Horatio N. Waterman gave in specific legacies the sum of sixteen thousand dollars to divers persons. His farm, in the town of Coventry, with buildings, improvements, growing crops, and farming utensils, he gave to two nieces, together

with all of his furniture, crockery, wearing apparel, beds, bedding, watches, and jewelry; and to another legatee he gave all of his tools, utensils, and tool chests. That he then directed his executor, after paying all debts, expenses, bequests, and devises, including his own compensation, to invest all the rest and residue of his estate in first mortgages on real estate, in United States, state, or city bonds, in bank stocks, or in other good and safe income-producing securities, and then, under the direction of the supreme court of Rhode Island, to convey said invested fund to the town council of the town of Coventry, to be held by them and their successors forever, in trust, the income thereof to be annually expended, under their direction, in the support of the poor of his native town of Coventry; but this last provision has not yet been executed. That said town council is not an incorporated body, but the members thereof are annually elected under the statutory provisions of said state, the present members being as follows, viz.: Searles Capwell, Albert D. Burnham, Josiah Andrews, Daniel H. Freeman, and George A. Field. And your orator is informed and believes, and therefore avers, that the amount of the estate of said Waterman now in the hands of said defendant as executor, and that would go to said town council under the sixth clause of said will (including the testator's homestead estate in said East Greenwich), is about the sum of seventy-five thousand dollars, and of that sum, as heir at law of said Horatio N. Waterman, your orator would be entitled to more than six thousand dollars. That said clause of said will is inoperative and void, and that all of the heirs at law of said Waterman are as such heirs entitled to all of the estate left by him, and not specifically devised in other clauses of said will than the fifth and sixth clauses thereof."

The bill prays that the said sixth clause may be declared to be null and void, and that the respondent Paine, who is executor of the will, may be decreed to pay to the complainant his portion of that part of the estate of the said Horatio N. Waterman which would otherwise go to the town council of Coventry under the sixth clause.

The sixth clause of the will is in the following words:

"Sixth. I direct that my executor shall, after paying all debts, expenses, bequests, and devises, including his own compensation, invest all the rest and residue of my estate in first mortgages on real estate, in United States, state, or city bonds, in bank stocks, or in other good and safe income-producing securities, and shall then, under direction of the supreme court of Rhode Island, convey said invested fund to the town council of the town of Coventry, R. I., to be held by them and their successors forever, in trust, the income thereof to be annually expended, under their direction, in the support of the poor of my native town of Coventry."

General demurrers to the bill have been filed by the respondent Paine and by the respondents Capwell and others. The contention of the complainant is that the sixth clause of the will is void—First, because town councils in Rhode Island are not corporations, and therefore there is no trustee who can take; and, secondly, that the devise for the support of the poor of Coventry is void, because there is no defined beneficiary.

The will having been established by authority competent for that purpose, there seems to be no doubt of the jurisdiction of this court to determine questions as to the interpretation thereof in this case, in which the complainant is a citizen of Michigan, and all the respondents are citizens of Rhode Island. Compare In re Cilley, 58 Fed. 977. Since the testator had his domicile in Rhode Island, and the land devised is situate in that state, it follows that the validity of the devise which is here brought in question is to be determined by the law of the state of Rhode

Island. Jones v. Habersham, 107 U. S. 174, 2 Sup. Ct. 336. The origin and judicial history, as well as the true foundation, nature, and extent, of the doctrine of charitable uses in the law of Rhode Island, and of the jurisdiction of the supreme court of that state in relation thereto, may be found stated in Pell v. Mercer, 14 R. I. 412, which was decided in 1884. The decisions of the supreme court of Rhode Island made since that time, relating to the questions here at issue, are Rhode Island Hospital Trust Co. v. Olney, 14 R. I. 449; Almy v. Jones, 17 R. I. 265, 21 Atl. 616; Kelly v. Nichols, 17 R. I. 306, 21 Atl. 906; Palmer v. Bank, 17 R. I. 627, 24 Atl. 109; Petition of Van Horne, Index NN, 14, 28 Atl. 343. All these cases are in entire accord, and they, therefore, state the law of Rhode Island on this question. In order fully to define the broad basis on which the doctrine of charitable uses and the jurisdiction of the courts of that state now stand, it would be necessary to quote all the observations on these points which appear in the very learned and very clear opinion in Pell v. Mercer. I think it amply sufficient for the present purpose to observe that indefiniteness in the purposes and objects of a charitable bequest are by no means a ground from which the invalidity of the bequest may be argued, and that any defect in the persons to take the trust estate or to execute the trusts will be supplied by the plenary jurisdiction of the court. "Though indefinite," says Mr. Chief Justice Durfee, "it is upheld. If it is designed to be perpetual, it is perpetuated. It is a matter of public policy to conserve it from failure. * * * A court of chancery * * * does not permit the trust to fail because its particular purposes are uncertain, but furthers the general intent of the donor, by defining them." From these, and from many other observations in the cases above cited, it seems clear that charitable bequests are looked on with the highest favor under the law of Rhode Island. If there were doubt whether the particular bequest here in question could be sustained under that law, then in that case it seems to me that I ought not to retain this bill. The law of the state is to be here ascertained as a fact, and the decisions of the state court should receive their full effect and meaning, and not be reduced in effect by distinction and interpretation. But, on the other hand, it seems to me clear that the bequest here in dispute comes within the law of the state. The demurrer must therefore be sustained.