FURRY  BROTHERS  v.  MATILDA  S.  FERGUSON  *et al.*,
Appellants.

**Lis Pendens:**  NOTICE:  In October, 1895, plaintiff sued to subject certain land to a judgment.   The following December term an entry was made in the appearance docket, "Settled as per stipulation

(not filed)" which entry was made without knowledge of the parties, and was not discovered and corrected until May, 1896, when plaintiffs' motion to cancel the entry was sustained. In February, 1896, plaintiffs filed a trial notice, reciting that the cause would be called at the March term, which was entered on the appearance docket. The cause was continued March 5th at request of defendants, by an entry, "Continued by agreement of parties." Intervener purchased the property in dispute on March 7, 1896, in good faith and for value, relying upon the December entry, that the cause had been settled. It does not appear that plaintiffs were negligent in not sooner discovering said entry. *Held*, that the subsequent action by plaintiffs, reinstated the case, and it being before intervener's purchase, was constructive notice of plaintiffs' rights therein, under Code, 1873, section 2628, providing that when a petition has been filed, affecting real estate, the action is pending, so as to be notice thereof to third persons.

NEGLIGENCE OF AGENT. The failure of an agent who, as clerk of the district court, could have easily ascertained whether an action affecting the property he was employed to buy had been dismissed, as appeared by the records, or was still pending, must be imputed to his principal, who must be held to have due notice of the rights of plaintiffs therein at the time of the purchase from defendants.

*Appeal from Hardin District Court.*—HON. D. R. HINDMAN, Judge.     •

SATURDAY, APRIL 9, 1898.

ACTION in equity to subject certain real estate to the payment of a judgment owned by the plaintiffs. Fannie W. Crockett intervened. There was a hearing on the merits, and a decision for the plaintiffs. The defendants and intervener appeal.—*Affirmed.*

*Huff & Ward* for appellants.

*M. J. Furry* and *Albrook & Lundy* for appellee.

ROBINSON, J.—On the eighth day of October, 1895, the district court of Hardin county rendered a judgment in favor of the plaintiffs and against the defendant Henry Ferguson for the sum of one hundred and fifty-seven dollars and fifty-three cents, and for an attorney's

fee and costs. That judgment was rendered on account of a debt which was contracted not later than the eighth day of September, 1894, and is unsatisfied. On the sixth day of November, 1894, Henry Ferguson conveyed a quarter section of land which he then owned, in exchange for the west one-half of lots numbered 6 and 7 in block numbered 6 in the town of Eldora, and caused the title to the property thus acquired to be transferred to his wife and co-defendant, Matilda S. Ferguson. This action was brought to subject that property to the payment of the judgment, upon the grounds that the consideration for the property was wholly paid by Henry Ferguson, and that it was conveyed to his wife for the purpose of defeating the collection of the plaintiff's claim. The Fergusons filed an answer in which they alleged that, several years prior to the conveyance of the property to Mrs. Ferguson, she loaned to her husband, at different times, money to the amount of three thousand dollars, and that the property was conveyed to her as a compromise and in settlement of the claim she held against her husband for the money so loaned. In April, 1896, Fannie W. Crockett intervened in this action, and claims to own the property conveyed to Mrs. Ferguson by virtue of a warranty deed therefor executed to the intervener by Mrs. Ferguson and her husband on the seventh day of March, 1896. The intervener claims to have purchased the property in good faith, without knowledge or notice of the rights of the plaintiffs; and she asks that the plaintiffs' petition be dismissed and that she be granted general equitable relief.

Although the defendants took an appeal, they have not perfected it, and are not entitled to any relief. The controversy in this court is in regard to the rights of the intervener, and the facts in regard to them appear

to be as follows: On the twenty-eighth day of October, 1895, this action was commenced, and the petition of the plaintiffs was filed. At the term of court held in December, 1895, the judge of the court wrote in the court calendar the following: "Settled as per stipulation filed." That entry appears to have been carried into the court record book. At a later time the deputy clerk of the court made in the appearance docket, in the portion devoted to this case, an entry in words as follows: "Settled as per stipulation (not filed)." No stipulation had been entered into. The entry made by the judge was wholly without authority, and without the knowledge of the plaintiffs, and, so far as the facts appear, was unknown to any one connected with the case. The entries in the court record and in the appearance docket were also made without the knowledge of the plaintiffs, and were based upon the entry made by the judge. On the twenty-first day of February, 1896, the plaintiffs filed a trial notice, the filing of which was entered in the appearance docket. The notice stated that the cause would be called for trial at the March term, which was the one next following the December term, and commenced on the second day of March, 1896. The cause was entered on the calendar for that term. On the third day of the term the cause was continued at the request of the defendant, and the entry, "continued by agreement of parties," was made in the court record. The plaintiffs did not learn of the entry of December, 1895, until about the twelfth day of May, 1896, when a motion to correct the record by setting aside and canceling the December entry was made and sustained, without objection. The intervener claims that in purchasing the property in question she relied upon the December entry, and had no knowledge that the action had not been settled. The evidence shows that she did not have actual knowledge

of the fact that the case had not been settled, and that in making the purchase she relied upon an abstract of title which did not show that the action was pending. We think the conclusion is fully warranted that the intervener is an innocent purchaser for value, unless she had constructive notice of rights of the plaintiffs. Section 2628 of the Code of 1873: is as follows: "When a petition has been filed affecting real estate, the action is pending so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title, if the real property affected be situated in the county where the petition is filed." The petition filed by the plaintiffs was sufficient to charge third persons with notice of the plaintiff's interest in the land, and the evidence shows that they were entitled to the relief they asked, as against the defendants and third persons having notice of their rights. It is contended, however, that the effect of the December entry was to terminate the action, and that it then ceased to be effectual as notice to third persons of the rights of the plaintiffs. To determine the effect of what was done, however, the entire record, as it existed when the intervener purchased the property in question, must be considered. The December entry did not purport to dismiss the case, although, taken alone, it would have justified the conclusion that the case was at an end. But the trial notice subsequently filed was evidence that the plaintiff did not consider the case settled, and the notice was authorized by a rule of practice duly adopted, of which litigants and persons concerned in the litigation were required to take notice. See rules adopted by convention of district judges, January 5, 1887; *David v. Insurance Co.*, 9 Iowa, 45; Code 1873, section 2709. The cause was on the calendar for the March term, and had been noticed for trial at that

term, and the record showed that it had been continued by agreement of parties when the intervener's purchase was made. If it be conceded that the December entry, unmodified, would have had the effect to end the case, the subsequent action of the parties had the effect to reinstate it. Had the intervener examined the record, she would have found that the parties to the action treated it as pending, and that the December entry was based upon an alleged stipulation which had not been filed. The entry was void as between the parties to the action, and persons having notice of its true character had no right to rely upon it. The plaintiffs are not shown to have been negligent in not discovering sooner than they did that it had been made. The record disclosed such facts as would have caused a person of common prudence and reasonable diligence to make inquiries which would have disclosed the fact that the December entry was unauthorized and that the action was still pending. The intervener was represented in the purchase of the property in question by her agent, Frank W. Crockett. He was at the time the clerk of the district court, and could readily have ascertained the true condition of this case. His failure to do so must be imputed to his principal, and she must be held to have had due and sufficient notice of the rights of the plaintiffs when her purchase was made. *Insurance Co. v. Bishop,* 69 Iowa, 645; *English v. Waples,* 13 Iowa, 57. Since this action was then pending she acquired the property subject to the right of the plaintiffs to enforce their judgment against it.

The district court found that the December entry was void, that third persons had constructive notice of that fact, and that the property in controversy should be subjected to the payment of Ferguson's debts, and a decree for the plaintiffs was directed. The appellees make some objection to the right of the intervener to

appeal from the decision of the court, but we think it was sufficient to give this court jurisdiction of the case, and it is AFFIRMED.