JOHN A. RINE, Appellee, v. WILLIAM WAGNER, Appellant.

**Vendor and vendee:** GOOD FAITH PURCHASER. One who purchases
1 land relying for his title upon a judgment or decree of an inferior court, during the time such decree is subject to appeal and reversal by a higher court, is not a good faith purchaser; but takes the property charged with notice of such action as may thereafter be taken on the appeal.

**Devise to charitable institution:** STATUTE CONSTRUED. Section 1101
2 of the Code of 1873, relating to devises to corporations and associations, applies only to such as are organized under the chapter of which the section is a part, and has no application to a devise to an individual in trust for the benefit of a charitable institution.

**Will contest:** BURDEN OF PROOF. In a will contest the burden is
3 upon the contestant to show a claimed limitation upon the testator's power to dispose of the property according to the terms of the will.

*Appeal from Dallas District Court.*— HON. J. H. APPLE-
GATE, Judge.

Wednesday, October 23, 1907.

Action to recover possession of certain real estate in Dallas county, Iowa. Defendant pleaded title in himself, and upon the issues joined the case was tried to the court resulting in a decree for plaintiff, and defendant appeals.— *Affirmed.*

*White & Clark* and *H. P. Stoddart,* for appellant.

*Smyth & Smith* and *Miller & Russell,* for appellee.

Deemer, J.— The land in question was conveyed by the government to Joseph Creighton in the year 1857, and he (Creighton) owned the same down to his death in Omaha, Neb., in the year 1893. Creighton left a will, whereby he disposed of all of his property and of that in dispute in the following manner:

I hereby give and bequeath unto the Right Reverend James O'Connor, bishop of Omaha, if he shall survive me, the following land, situated in Dallas county, in the State of Iowa, known as the east half of the northwest quarter of section twenty, in township eighty, north of range twenty-eight. If the said Bishop O'Connor do not survive me, then my will is that the said land shall go to his successor as bishop of Omaha. My wish and direction is that said Bishop O'Connor, if he survive me, or his said successor as bishop of Omaha, apply the said land and the proceeds arising from the same and the sale thereof, to some charity according to his judgment, but I prefer that the same be applied to the establishment or maintenance of an orphanage.

This will was offered for probate in the probate court of Douglass county, Neb., in which county and State Joseph Creighton resided at the time of his death, but probate thereof was refused. An appeal was taken to the district court of the aforesaid county, but this appeal was dis-

missed. The case was then appealed to the Supreme Court of that State, where the judgments of the lower courts were reversed, and the will finally admitted to probate. Thereafter the bishop of Omaha conveyed the land in question to St. Joseph's Orphan Asylum, a corporation organized under the laws of Nebraska, and this corporation conveyed the land to plaintiff; this last conveyance being of date April 16, 1905. The contest of the will was made by Mary B. Shelby, the only heir at law of Joseph Creighton, deceased, and after the case had been disposed of by the district court of Douglass county, Neb., but while the right of appeal from the order entered thereby still existed, she (Mary B. Shelby) conveyed the land in controversy by warranty deed to the defendant Wagner. This deed was made May 1, 1897. Defendant contends that in virtue of these facts he is the owner and entitled to the possession of the land in question, and that, in any event, for reasons hereinafter to be noted, he is entitled to an undivided three-fourths thereof and to the possession of the whole as a tenant in common with plaintiff or Mrs. Shelby.

His first proposition is based upon the assumption that, as he purchased after the dismissal of the appeal to the district court and before the appeal to the Supreme Court and before any supersedeas had been filed in the district court or any steps had been taken toward an appeal to the Supreme Court of Nebraska, he is a good-faith purchaser for value, and that his title should be established free from any claim on the part of plaintiff. His second claim is that under the statutes of this State, the devise to the Bishop of Omaha was invalid as to more than one-fourth of the land, and, as the grantee of the only heir of Joseph Creighton, deceased, he is entitled to three-fourths of the land. These contentions we shall dispose of in order.

The first is really bottomed upon the theory that, as defendant purchased after the disposition of the will contest in the district court of Nebraska, in which there was, in

effect, a finding that the will was invalid, he was a good-
faith purchaser, and as such entitled to pro-
tection. While no supersedeas bond had been
filed at the time of defendant's purchase, and
no steps taken to perfect an appeal to the Supreme Court of
Nebraska, the right of appeal from the ruling of the dis-
trict court still existed, and a timely appeal was there-
after perfected resulting in a reversal of the decrees and
orders of the lower courts and an establishment and pro-
bate of the will. In such circumstances, defendant can-
not be held to be a good-faith purchaser. While the pro-
ceedings were in another state, defendant must bottom his
title upon some act of the courts of that state or upon
some statute of descent in this State. If the deceased
owner of the land left a will effective in this jurisdiction,
then defendant took by purchase. If the will is invalid
for any reason, then he took by descent through Mrs.
Shelby. We will not speculate upon whether or not the will
might be admitted to probate in this State, for defendant
is not contending that it is invalid under our law, save as
it covers more than one-fourth of testator's property. He is
relying upon the decrees of the probate and district courts
of Nebraska, which, in effect, denied probate of the will,
and not upon any defects in the execution of the will. His
claim is that, as no supersedeas was filed in the district
court of Nebraska, and no appeal taken when he purchased,
the decree of the district court was in full force and effect,
and that, having purchased with notice of the orders and
decrees of the probate and district courts of Nebraska, his
title should be protected. As the right of appeal existed
when defendant purchased, and as that appeal was finally
perfected in due course, resulting in a reversal of the orders
of the lower court, defendant is not a good-faith purchaser
from Mrs. Shelby. He took subject to such action as might
thereafter be taken and had upon appeal. In other words,
one cannot be a good-faith purchaser who relies upon a judg-

*Margin note: 1. VENDOR AND VENDEE: good faith purchaser.*

ment or decree which is subject to appeal and reversal by a higher tribunal. There would seem to be no need of citing authorities to so plain a proposition, but, as more or less in point, see *Debell v. Foxworthy,* 9 B. Mon. (Ky.) 228; *Harle v. Langdon,* 60 Tex. 555; *Aldrich v. Chase,* 70 Minn. 243 (73 N. W. 161); *Marks v. Cowles,* 61 Ala. 299; *Bailey v. Winn,* 113 Mo. 155 (20 S. W. 21); *Ferrier v. Buzick,* 6 Iowa, 258; *Furry v. Ferguson,* 105 Iowa, 231; *Olson v. Leibpke,* 110 Iowa, 594; *Martin v. Abbott,* 72 Neb. 89 (100 N. W. 142); *State v. Whitcomb,* 52 Iowa, 85. Moreover, defendant, as we think, had actual notice of the claims of the orphan asylum, and, in any event, he is not a purchaser for value, for he has paid but $100 of the $1,800 purchase price. *Noyes v. Crawford,* 118 Iowa, 20; *Rush v. Mitchell,* 71 Iowa, 333; *Beeman v. Kitzman,* 124 Iowa, 86. At most, he would only be entitled to protection to the amount paid, $100, and this and more he has had returned to him in the use and rentals of the land. In our opinion the first proposition made by appellant is entirely without merit.

II. His second contention involves a construction of section 1101 of the Code of 1873, which was in force when Creighton died. This section reads as follows: " Any corporation formed under this chapter shall be capable of taking, holding, or receiving property by virtue of any devise or bequest contained in any last will or testament of any person whatsoever; but no person leaving a wife, child or parent, shall devise or bequeath to such institution or corporation more than one-fourth of his estate after the payment of his debts, and such devise or bequest shall be valid only to the extent of such one-fourth." This section is found in the chapter relating to corporations not for pecuniary profit and particularly to charitable, scientific, and religious associations. Whether or not it is a limitation upon the power of a corporation to take, or upon the power of a testator to give, is a question not free from doubt, and upon which much

2. DEVISE TO CHARITABLE INSTITUTION: statute construed.

might be said in favor of either conclusion. But this quære we need not answer at this time, for it is not determinative of the case as we view it. The limitation, whichever it may be, is upon a devise " to such institution or corporation " ; that is to say, to one formed under the chapter in which the act is found. True, the association need not be incorporated. *Byers v. McCartney,* 62 Iowa, 339. But it must be an institution for benevolent, charitable, scientific, religious, or missionary purposes.

Going back to the will, we find that the devise was, in effect, to the bishop of Omaha, to be applied to some charity, preferably the establishment or maintenance of an orphanage. The St. Joseph's Orphan Asylum is a corporation for the purpose of maintaining an orphan asylum and for maintaining and conducting a school in which the common English branches should be taught and instruction given in manual training and agriculture. The devise, then, was not to the bishop, save in trust for certain charitable uses, and the statute manifestly does not apply: First, for the reason that the bishop is not such an institution as is referred to in the section of the Code quoted, although for some purposes he may be called a corporation; and, second, for the reason that the devise to him is in trust for a charitable use. This view is sustained by the following, among other, authorities: *Allen v. Stevens,* 161 N. Y. 122 (55 N. E. 568); *Seda v. Huble,* 75 Iowa, 431; *Meek v. Briggs,* 87 Iowa, 620; *Germain v. Baltes,* 113 Ill. 29. Devises for charitable uses are not prohibited save as they fall within the terms of the statute quoted, and this one does not do so. The words used in the statute upon which appellant relies, " such institution," manifestly has reference to an association similar to a corporation, and not to an individual in trust for charitable uses. *Engstad v. Grand Forks Co.,* 10 N. D. 55 (84 N. W. 577). True, as we have already said, a bishop is for some purposes denominated a corporation sole; but he is none the less an individual, and as such

may act as a trustee for any lawful purpose. That the bishop was not such an institution or corporation as was referred to, see *Hollis v. Drew Seminary,* 95 N. Y. 166; *In re Lampson,* 161 N. Y. 511 (56 N. E. 9); *Am. Bible Society v. Healy,* 153 Mass. 197 (26 N. E. 404, 10 L. R. A. 766). There is much doubt about the statute in question applying to foreign associations or corporations. That it does not is affirmed by some of the cases just cited and *Bartlett v. King,* 12 Mass. 537 (7 Am. Dec. 99). But, however this may be, and the point we do not at this time decide, we are of opinion that the statute quoted does not, for reasons already given, apply to the will in question.

III. But assuming that the act did apply, and that, in determining the fraction which the bishop might take in trust under the will and convey to the orphan asylum, and that nothing but the property left by the testator in this State may be considered, we still have the question: Did the will in question devise more than one-fourth of testator's property after the payment of his debts? Whilst the right to will property may be conceded to be a privilege, rather than a right, and not a natural right, still the general rule of this State is that one may will his property to whom he choses, and if there be any limitation upon this power it devolves upon him who would take advantage of the limitation to show that it applies. In other words, the burden is upon the contestant to show that his case comes within the terms of the limitation or exception. This, too, is fundamental doctrine supported in principle at least by the following authorities: *Donovan v. Driscoll,* 116 Iowa, 344; *Stennett v. Hall,* 74 Iowa, 279; *Paschal v. Acklin,* 27 Tex. 196; *Eckford v. Eckford,* 91 Iowa, 54; *State v. Van Vliet,* 92 Iowa, 476; *U. S. v. Cook,* 17 Wall. (U. S.) 168 (21 L. Ed. 538). Defendant offered no proof upon this subject, and the trial court found that the statute did not apply for the reason that it did not appear that the devise was of more than one-fourth of testator's

3. WILL CONTEST: burden of proof.

estate.   With the burden upon appellant, it is manifest that this finding was and is correct.

We are abidingly satisfied, after a full consideration of the propositions involved, that plaintiff's title to the premises is good, and that the judgment and decree of the trial court should be, and it is, *affirmed.*