In the Matter of the Estate of OLE J. CLEVEN, Deceased.

Wills: CHARITABLE BEQUESTS. It is the duty of courts to uphold a devise for charitable purposes if it can be done without violating any statute or principle of law.

Same: CREATION OF TRUST: DEFINITENESS. While the general purpose of a charitable bequest must be expressed in such terms as to clearly indicate the desire of the testator, it is not essential to the creation of the trust that all the details be set forth; these matters may be left to a trustee, who must be governed by the general terms of the trust, with the right of ultimate control in the courts.

Same: ESTABLISHMENT OF TRUST: DELEGATION OF DUTY. It is competent for a testator to confer upon a trustee authority to establish the trust. Thus where the devise was to a trustee, with the express desire that he should establish the testator's farm as a home for poor old people, and in connection therewith gave directions for carrying out his intent, the bequest was not objectionable because the testator did not himself establish the trust, but conferred that duty upon the trustee.

Same: CERTAINTY AS TO BENEFICIARIES. A charitable bequest is not void because containing no limitation as to the territory from which the beneficiaries are to be chosen.

Same: APPOINTMENT OF TRUSTEE: · SUCCESSION. A testator in the creation of a trust may not only appoint a trustee, but he may provide for a successor in trust, and invest him with the same power held by the original appointee.

**Same:** PERPETUITIES: STATUTE. Charities are established as objects
6    of public, general and lasting benefit, the permanency of which is
not interfered with by law; and the statute intended to avoid con-
ditions of entailment has no application to such institutions.

**Same:** CHARITABLE GIFTS: CORPORATIONS: STATUTE. The statute lim-
7    iting gifts by testators to religious, eleemosynary and other like
corporations, has no application to gifts to a trustee for a charitable
purpose.

*Appeal from Winnebago District Court.*—HON. J. F. CLYDE,
Judge.

TUESDAY, SEPTEMBER 16, 1913.

PROCEEDING for construction of will, with objections to
its probate. From a finding construing the provisions of the
instrument and admitting it to probate, contestant appeals.—
*Affirmed.*

*L. A. Jensen,* and *Kelleher & O'Connor,* for appellant.

*T. A. Kingland,* and *Senneff, Bliss & Witwer,* for appel-
lees.

WITHROW, J.—I. An instrument purporting to be the
last will and testament of Ole J. Cleven was offered for pro-
bate in the district court of Winnebago county. Objections
to the instrument were filed, raising no question as to the
competency of the testator, but going to the legal effect of an
attempted disposition of his property made in paragraphs 2
and 6. The objections were filed by Vernie Belle Cleven, who
averred that she was the daughter and sole heir at law of
decedent; her relationship as stated by appellant in argument
being as that of "one who has been declared as the result of
judicial proceedings, in which testator was a defendant, to be
his daughter." She was not recognized as such in the will
nor was any bequest made to her. Excepting some small

bequests, the entire property or more than three-fourths of the estate was affected and disposed of by paragraph 6. In the lower court the questions as to the validity of the attempted disposition of the property were raised by pro-ponent's motion to strike the objections of the contestant, which motion was sustained, and the will was admitted to probate, from which order and ruling contestant appeals. In this appeal argument is directed only to that part of the rul-ing affecting the sixth paragraph or section, and our con-sideration will be limited to the questions raised as to the validity of the provisions of the paragraph especially chal-lenged which is as follows:

Sixth. All the rest and residue of my property real and personal of every kind and nature of which I may die seised or possessed I give devise and bequeath to S. H. Larson as trustee for the following purpose or purposes, to wit: It is my will and desire that my said trustee shall establish my farm in Center township said county described as southwest quarter ($\frac{1}{4}$) and the southwest one-fourth ($\frac{1}{4}$) of the south-east ($\frac{1}{4}$) of section (27) and the northwest one-fourth ($\frac{1}{4}$) of the northwest quarter ($\frac{1}{4}$) of section thirty-four (34), all in township ninety-nine (99) north of range twenty-three (23) west of the fifth P. M. and containing about two hundred and forty acres, as a home for poor old people. All the build-ings on said premises to be used thereon for said purpose and all other personal property not otherwise disposed of herein to be used in the equipment and maintenance of such home. Said farm and property is to be managed by said S. H. Larson as trustee and I hereby give him power to sub-stitute some one or more to take his place and to manage said property as trustee or trustees and to provide for a trustee-ship that shall be perpetual and carry out the manifest object of this bequest including to provide rules for admission to said home. In case said S. H. Larson as trustee, resigns, becomes disqualified or for any reason fails to act as trustee or to provide for a perpetual trusteeship of said property to carry out my object in making this bequest, then it is my will and desire that T. A. Kingland of Forest City, Iowa, shall appoint one or more persons not to exceed three in number,

whom he shall think suitable to manage such property and
to provide for their successors. It is further my will and
desire that said T. A. Kingland act as the legal adviser and
counsellor of said S. H. Larson trustee in establishing and
providing for the maintenance of such old people's home. It
is my will and desire that all of said real estate shall be
kept intact for such purpose and not be incumbered, but that
only so many old poor be kept thereon or provided for as can
be supported from the rents and profits of said farm and
other property devised herein for said object.

S. H. Larson, named as trustee, was also designated as
executor.

The objections filed by contestant charge: (1) That the
designation both of the beneficiaries and of the persons who
are to hold the legal title is too uncertain and indefinite and
thereby renders such paragraph void. (2) That there is an
attempt to vest in the trustee the right to designate the bene-
ficiaries, and also to choose his successor, and in the event of
vacancy the power to choose the trustee is vested in a third
person, all of which provisions are alleged to be contrary to
the law in the creation and execution of trusts. (3) Such
paragraph is in violation of our statute against perpetuities.
(4) The will is void as to three-fourths of the value of the
estate, under Code, section 3270. The objections filed ampli-
fied the above propositions, but concretely they are as stated.

II. The subject of charitable trusts has had recent and
full consideration by this court; some of the decisions to which
we shall later refer being controlling as to many of the ques-
tions now presented.

In the present case there is required no abuse of the ordi-
nary meaning of words to reach the conclusion that the
testator had the purpose of devoting the bulk of his estate to

1. WILLS: char-     the establishment and support of a home for
itable bequests.    poor old people. Such provision is clear and,
standing alone, shows an attempt to create a charitable trust.
It is the duty of the court to uphold such a devise if it can
be done without violating any provision of our statute or any

principle of law. It is the claim of appellant that "the charitable scheme of testator, if his purpose was benevolent, is so indefinite that a court in attempting to execute it cannot know that a tangible plan is being dealt with."

Definiteness in the details of an attempted creation of a trust is not at all essential. While the general purpose must be expressed in such terms as to indicate a clear desire, it is quite within the established rules that the working out of the details in a practical way may be delegated to the trustee, he always being governed and limited by the terms of the grant or gift; and, to prevent abuse in the administration of the trust, the right of ultimate control rests in the courts.

**2. Same: creation of trust: definiteness.**

It is claimed, however, that the will does not establish the trust, but that, on the contrary, it states that "it is my will and desire that my said trustee shall establish my farm as a home for poor old people." We do not consider that in such provision there is that which will bear the construction placed upon it by the appellant. The will could not take effect until the death of the testator. · It is manifest that some acts would need to be done by some one who had authority before his gift could result in active benefits to the class designated as his beneficiaries. The adjustment of the property to its new use, both as to occupancy and income, was but a detail of administration and in no sense limited or changed the character of the grant in the uses to which it should be put. We have no difficulty, under the settled law of this state with the support of strong authorities from other states, in arriving at the conclusion that the sixth paragraph contravenes the rule of no statute nor overthrows no well-established principle, even though it leaves to the judgment of the trustee the details in the execution of the trust, including the selection of the beneficiaries from the class which is named. *Trenton Society v. Howell* (N. J. Ch.) 63 Atl. 1110; *In re Strong's Appeal,* 68 Conn. 527 (37 Atl. 395) ; *Wood v. Paine* (C. C.),

**3. Same: establishment of trust: delegation of duty.**

66 Fed. 807; *Quinn v. Shields,* 62 Iowa, 140; *Phillips v. Harrow,* 93 Iowa, 92; *Grant v. Saunders,* 121 Iowa, 80; *Klumpert v. Vrieland,* 142 Iowa, 434. The rule upon this question as to devises of this character has been so fully discussed in our previous cases above cited that we refrain from involving ourselves in unnecessary repetition but refer to them as decisive of the questions stated in this paragraph.

III. That there is no limitation as to the territory from which the beneficiaries may be selected does not render the provision void for uncertainty. This court in the cases above cited has had occasion to use a quotation from Perry on Trusts, the essence of which is that "charity begins where uncertainty of beneficiaries begins," and has given to it the liberal application, which the courts seek to make in upholding, if possible, all humane and charitable devises. It has now become the rule of this state that a provision which comprehends a class without limitation as to its abode, where charity is the object, will be upheld; there also resting in the trustee the power to select from the class named. *Phillips v. Harrow, supra; Grant v. Saunders, supra; Klumpert v. Vrieland, supra.*

4. SAME: certainty as to beneficiaries.

IV. Under the well-settled principle that a court of equity will not permit a trust to fail for want of a trustee, there has been in the authorities uniform approval of the right of a testator in the creation of a trust not only to appoint a trustee but also in case of vacancy to provide for the succession, and vesting in the trustee, so named the power held by the original appointee. *Quinn v. Shields, supra; Phillips v. Harrow, supra,* and cases therein cited.

5. SAME: appointment of trustee: succession.

V. It is urged that the provision of paragraph 6 violates our statute against perpetuities. Code, section 2901. "Every disposition of property is void which suspends the absolute power of controlling the same, for a longer period than during the lives of persons then in being, and twenty-one years thereafter."
That statute is intended, as indicated by its provisions, to

6. SAME: perpetuities: statutes.

avoid conditions of entailment but is not controlling in cases like this.

The rule of public policy which forbids estates to be indefinitely inalienable in the hands of individuals does not apply to charities. These, being established for objects of public, general, and lasting benefit, are allowed by law to be as permanent as any human institution can be, and courts will readily infer an intention in the donor that they should be perpetual. *Perin v. Carey,* 24 How. 465 (16 L. Ed. 701) ; *King v. Parker,* 9 Cush. (Mass.) 82; *Dexter v. Gardner,* 7 Allen (Mass.) 246; *Phillips v. Harrow,* 93 Iowa, 92. This particular question is fully considered in *Phillips v. Harrow, supra,* and is decided against the contention now made by appellant. It is controlling here.

VI.    Finally it is claimed that the attempted disposition of his property by testator is void as to three-fourths of his estate because of Code, section 3270, which limits gifts by

7. SAME: Charitable gifts: corporations: statute.

testators to religious, eleemosynary, or like corporations; that section providing that: "No devise or bequests, however, to a corporation organized under the chapter relating to corporations not for pecuniary profit or to a foreign corporation of similar character, shall be valid in excess of one-fourth of the testator's estate after payment of debts, if a spouse, child or parent survive the testator." The limitation thus imposed by the statute applies only to corporations. It cannot by judicial interpretation be made to include within its provisions that which by fair construction is excluded. This question has recently been before this court in *Rine v. Wagner,* 135 Iowa, 626, and *In Re Ihmes' Estate,* 154 Iowa, 20, resulting in the holding that such provision cannot be extended by implication to include gifts to trustees for charitable purposes. See, also, upon the same point, *Allen v. Rector of St. Peters Parish,* 158 Ill. 631 (42 N. E. 392, 30 L. R. A. 232), and *Gilmer v. Stone,* 120 U. S. 586 (7 Sup. Ct. 689, 30 L. Ed. 734).

From the conclusions thus reached it follows that the

holding of the trial court in construing the provisions of the will and in admitting the instrument to probate must be *Affirmed*.

WEAVER, C. J., and DEEMER, LADD, GAYNOR, and PRESTON, JJ., concur. EVANS, J., absent.