LOUISE RANDLEMAN et al., Appellants, v. FRED WILLIAMS, Administrator, et al., Appellees.

**WILLS:** Testamentary Power—Statutory Limitation. The statutory
1 limitation on the right of a testator to bequeath or devise property
to a nonpecuniary *corporation* does not apply to a bequest or devise
to the *trustees* of such a corporation in trust for some charitable
purpose.

**WILLS:**   Testamentary Power—Waiver of Limitation.   A wife who irrevocably accepts the provisions of her husband's will in her behalf (no parent or child surviving the testator) thereby waives the right to object to that part of the will which devises more than one fourth of the property to an eleemosynary corporation.

*Appeal from Mahaska District Court.*—D. W. HAMILTON, Judge.

SEPTEMBER 28, 1923.

ACTION in partition.  On trial of the cause, plaintiffs' petition was dismissed, and they appeal.  Facts appear in the opinion.—*Affirmed.*

*C. C. Orvis,* for appellants.

*J. C. Heitsman, Devitt & Eichhorn,* and *I. C. Johnson,* for appellees.

ARTHUR, J.—I.  In 1902, Meeker Biggs died, testate, in Mahaska County, Iowa, seized of the 205 acres of land involved in this action.  Margaret Ann Biggs, wife of Meeker Biggs, survived him, and died on the 19th day of September, 1918.  No children of this marriage survived Meeker Biggs.  The only surviving heirs of Meeker Biggs are the plaintiffs in this action, who are nieces and nephews of Meeker Biggs, deceased.  The will of Meeker Biggs was admitted to probate in the Mahaska district court on the 13th day of November, 1902.  Margaret Ann Biggs accepted the provisions of said will.  Defendant Fred Williams was appointed administrator, and qualified.

At the time of his death, Meeker Biggs was the owner of a farm situated in Mahaska County, Iowa, containing 205 acres. Margaret Ann Biggs, widow, continued to reside upon the farm until her death, in September, 1918.  Fred Williams, administrator with will annexed, after the death of the widow, acting under authority of Paragraph 3 of the will, sold the farm for $35,700, to the Iowa Christian Missionary Society.  In order that the estate might be closed up, the Iowa Christian Missionary Society advanced to the administrator sufficient money to pay all claims against the estates of Meeker Biggs and Margaret Ann Biggs, and took assignment of such claims, as part of the pur-

chase price of the land. The final report of the administrator, which was approved by the court on July 16, 1921, shows that the Iowa Christian Missionary Society advanced money for the payment of claims and legacies in the amount of $13,494.44, and that the administrator turned over to said society a net legacy of $22,205.56, thus disbursing the entire estate. The administrator's final report, filed on the 16th day of July, 1921, stated:

"Administrator further states that the organization named in the will as the trustees of the Disciples of the Christian Churches of Iowa has since been incorporated, and that the corporation name of the said organization is now Iowa Christian Missionary Society of Des Moines, Iowa, and that the residuary estate herein referred to should go to the trustees of said Iowa Christian Missionary Society. That, in view of the fact that the personal property in the hands of Margaret Ann Biggs was insufficient to pay the debts and charges filed against her estate, it was necessary, under the terms of the will of Meeker Biggs, to pay said deficiency, which amounted to $455.12, making a total of debts, charges, and disbursements in this estate of $13,494.44, leaving net to the residuary legatee named in the will the sum of $22,205.56."

The final report of the administrator was approved, and the administrator discharged, and his bond exonerated.

Appellees, trustees of the Iowa Christian Missionary Society, and trustees of the Disciples of Christian Churches of Iowa, in their answer allege, among other things, that the Iowa Christian Missionary Society is a corporation for benevolent, charitable, and religious purposes, more expressly for the purpose of handling the affairs and for holding and dispensing the funds, moneys, gifts, and bequests made in favor of and for the furthering of the work of the Christian Churches, sometimes called Disciples or Disciples of Christ, or Churches of Christ, and for missionary work of said churches; that the affairs of said corporation are managed by a board of trustees; that such corporation owns and administers any and all funds, money, property, gifts, and bequests made for the purpose of furthering the missionary work of said churches in the state of Iowa; that the trustees of said Iowa Christian Missionary Society have received from the executor of the estate of Meeker Biggs, deceased,

the legacy provided in Paragraph 7 of the will of said Meeker Biggs; that said legacy is being used by said trustees for the advancement of home missions conducted by said church, as provided by the terms of said legacy.

II.  Material paragraphs of the will are as follows:

"First.  I direct that all my just debts be paid in manner as provided by law.

"Second.  I give the balance of my estate to my wife, Margaret Ann Biggs, for her use and benefit during her natural life, with the full use and enjoyment of all of my present and real estate not needed to pay debts and charges against my estate, and direct that she shall have full power to sell my personal property, to rent my real estate and collect all such rents and use such proceeds as she may desire while she lives, and my executor shall not be required to look after any of my property beyond an amount sufficient to pay my debts and charges while my wife shall live if my said wife shall assume the control of said charge of said property, but, should my wife refuse to assume such charge, then my executor shall take charge of such property.

"Third. After the death of my wife above named, then my executor shall resume full control and cause all of my property to be appraised, and shall convert such property into money, and from the proceeds I hereby direct that all of the debts and charges against my wife, including funeral expenses, shall be paid by my executor, and from my estate, if made for her comfort and support, either allowed as my debts or as my wife's estate for such support.

"Fourth.    (Provides for erection of a monument).

"Fifth.    (Provides for care of cemetery lot).

"Sixth.    (Bequest of $1,000 to the trustees of the Union Mills cemetery for a specified purpose).

"Seventh.  The balance of my estate, after paying all debts and charges of my estate and that of my wife, and the bequests before named, I give and bequeath to the trustees of the Disciples or Christian Church of Iowa, to be by them invested as a perpetual fund, and the interest collected from year to year and used for the advancement of home missions conducted by said church."

III. The substituted petition, upon which the case was tried in the court below, is based upon the theory that the bequest in Paragraph 7 of the will to the Disciples or Christian Church of

1. WILLS: testamentary power: statutory limitation.

Iowa is wholly invalid, or is invalid to the extent of 75 per cent of the net estate. We will consider the main question involved in the case, which is whether or not Paragraph 7 of the will, the residuary clause, is in violation of the prohibition against bequests to corporations contained in Code Section 3270. The clause is as follows:

"The balance of my estate, after paying all debts and charges of my estate and that of my wife, and the bequests before named, I give and bequeath to the trustees of the Disciples or Christian Church of Iowa, to be by them invested as a perpetual fund, and the interest collected from year to year and used for the advancement of home missions conducted by said church."

Code Section 3270 reads:

"* * * No devise or bequest, however, to a corporation organized under the chapter relating to corporations not for pecuniary profit, or to a foreign corporation of a similar character, shall be valid in excess of one fourth of the testator's estate after payment of debts, if a spouse, child or parent survive the testator."

We have had occasion to construe Section 3270 with reference to the proposition here involved, in the following cases: *Rine v. Wagner*, 135 Iowa 626; *In re Estate of Ihmes*, 154 Iowa 20; *In re Estate of Cleven*, 161 Iowa 289. In *Rine v. Wagner*, supra, the devise was to a bishop of the Catholic Church, to be applied by him to some charity, preferably the maintenance of an orphanage. We said:

"The devise, then, was not to the bishop, save in trust for certain charitable uses, and the statute manifestly does not apply: First, for the reason that the bishop is not such an institution as is referred to in the section of the Code quoted, although for some purposes he may be called a corporation; and, second, for the reason that the devise to him is in trust for a charitable use."

In *In re Estate of Ihmes*, supra, a bequest was directed to the German Lutheran Church of Sioux City, a corporation; an-

other to the Old Men's Home of Sioux City, a corporation; and another to the Convent of the Good Shepherd, a corporation. The bequests involved being made to the corporations, we held that they were in violation of the statute. In *In re Estate of Cleven,* supra, the testator devised to his executor, as trustee, his farm, of about 240 acres, for the establishment of a home for old people. One objection was that the will was void as to three fourths of the value of the estate, because in violation of Section 3270. We said:

"The limitation thus imposed by the statute applies only to corporations. It cannot by judicial interpretation be made to include within its provisions that which by fair construction is excluded. This question has recently been before this court in *Rine v. Wagner,* 135 Iowa 626, and *In re Ihmes' Estate,* 154 Iowa 20, resulting in the holding that such provision cannot be extended by implication to include gifts to trustees for charitable purposes."

The devise in the instant case is to the trustees of the Christian Church, and not to the incorporated church, and is to be handled, "invested as a perpetual fund," not by the Christian Church, but by the trustees, and is to be used, not for the benefit of the church, but for home missionary work. Our holdings in *Rine v. Wagner* and in *In re Estate of Cleven,* supra, are controlling, and sustain the decision of the trial court that the devise made in Paragraph 7 of the will is a valid devise, to the full extent thereof.

IV. Meeker Biggs, the testator, left surviving him no child or parent. He left surviving him a spouse. Margaret Ann Biggs elected to and did accept the terms of the will, and continued to live upon the farm and manage it and receive the income therefrom during her life. She did not object to the bequest made in Paragraph 7 of the will. The above quoted provision of Section 3270 states only that a bequest to an eleemosynary corporation in excess of one fourth of the testator's estate shall not be valid "if a spouse, child or parent survive the testator." Such provision would seem to imply that no person other than the spouse, child, or parent of a testator may effectively claim the benefit of such provision. The testator left no child or parent surviving

2. WILLS: testamentary power: waiver of limitation.

him, and his spouse, by accepting her estate under the will, waived the said provision of Section 3270, and by so doing consented to the bequest made in Paragraph 7 of the will.

The decree of the lower court is affirmed.—*Affirmed.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.