LEWIS FELLOWS & another, executors, *vs.* MILES MINER & others.

Berkshire. Sept. 15, 1875. — March 1, 1876. AMES, DEVENS & LORD, JJ., absent.

A bequest to a town in trust, directing the town to appoint some suitable person or persons to receive and invest the fund, and annually at the annual town meeting to appoint some suitable person or persons to collect the income of the fund, and annually, at such time as the town shall direct, to pay over the same to such of the aged and infirm native-born inhabitants of the town, and maiden ladies who are native-born inhabitants of the town, although they be not aged, as shall be deemed by him or them most needy, and to each one such a sum as he or they shall think most just and equitable, and providing that no part of the said income shall be paid to any person who is receiving support as a pauper, is a valid charitable bequest under the laws of this Commonwealth.

A charitable bequest in trust by a resident of this Commonwealth to a town in another state is not void because the town, at the time the bequest is made, is incapable, under the laws of that state, of taking the trust; and the fund may be ordered to be paid over to the town upon its being enabled, by a subsequent act of the Legislature of the other state, to administer the trust according to the will.

A testator living in this Commonwealth, and having property here, devised it to a town in New York in trust for charitable uses, directing the town annually to appoint at its annual town meeting some person or persons to administer the trust. The town being then incapable under the laws of New York of taking the trust,

an act was passed by the Legislature of that state empowering the town to receive and hold the property in trust, and authorizing the supervisor and justices of the peace of the town to appoint one or more suitable persons to receive the property and administer the trust. *Held*, that such administration by persons appointed in the manner provided by the act would not be according to the will of the testator; but that, if the Legislature of New York should, within a reasonable time, provide by supplemental statute for the administration of the trust according to the will, the fund might be ordered to be paid to the town.

BILL IN EQUITY, by the executors of the will and codicil of Edward G. Miner, against Miles Miner and Harriet, his wife, beneficiaries under the will and the parents of the testator, and against the inhabitants of the town of Kinderhook, in the State of New York, the devisees in trust under the will, to obtain the instructions of the court. The case was reserved by *Colt*, J., for the consideration of the full court, and was as follows:

The testator, a resident of Great Barrington, in this Commonwealth, made his will on January 6, 1872, which, after certain specific bequests, proceeded as follows:

"Seventh. All the residue of my estate, both real and personal, which I may own at my decease after the payment of my just debts, funeral expenses, and the expenses of settling my estate by my executors hereinafter named, I give and bequeath to the town of Kinderhook, New York, in its corporate capacity, in trust for the uses and purposes following: I direct said town to appoint some suitable person or persons to demand and receive the same from my said executors, and to invest the same as he or they shall deem best. I further direct that said town of Kinderhook shall annually, at their annual town meeting, appoint some person or persons to collect the interest and income thereof annually, and appropriate the same as follows: First, I direct that he or they shall pay annually, on the first day of May, to each of my parents, Miles Miner and Harriet Miner, his wife, the sum of one hundred dollars so long as they both shall live. At the death of either one of them, I direct that he or they shall pay to the survivor the sum of one hundred and fifty dollars annually during his or her life, at the time above stated. Second, I direct that he or they shall annually, at their discretion, expend the sum of four hundred dollars for the purpose of keeping the cemetery in said town, where the remains of my beloved wife and her parents are buried, in good order, and in keeping and preserving the monu-

ments erected at their respective graves in a suitable and proper condition, and in keeping and maintaining the fence inclosing said cemetery in good order. The remainder of said interest and income shall be annually, at such time as said town shall direct, paid over to such of the aged and infirm native-born inhabitants of said town, and maiden ladies who are native-born inhabitants of said town, although they be not aged, as shall be deemed by him or them most needy, and to each one such a sum as he or they shall think most just and equitable, provided always that no part of said interest or income shall be paid to any person who is receiving support as a pauper."

The testator afterward made a codicil to his will, altering the sum to be expended upon the cemetery and the annuities to his parents, but not otherwise affecting the above provisions.

The testator died on June 13, 1872, and on July 15, 1873, the will and codicil were duly admitted to probate. The testator was a widower, and died without issue, his father, the defendant Miner, surviving him. He left real estate in Great Barrington, and personal estate ; and after the payment of his debts, the expenses of settling the estate, and the other legacies, there was a considerable sum to be disposed of under the seventh clause of the will.

On April 29, 1875, the following statute was passed by the Legislature of New York:

" An Act to authorize the town of Kinderhook to take a legacy under the will of Edward G. Miner, deceased.

" SECTION 1. The town of Kinderhook, Columbia County, is hereby authorized and empowered, in its corporate capacity, to receive and hold in trust all the residuary estate and legacy, and all sums of money growing out of same, bequeathed by the will of Edward G. Miner, deceased, bearing date January six, eighteen hundred and seventy-two, and by any codicil thereof, for the uses and purposes mentioned in said will and codicil.

" SECTION 2. The supervisor and justices of the peace of said town are hereby authorized and empowered to appoint suitable persons, one or more, to receive such legacy from the executors of said will, and to collect the interest and income upon said legacy, and appropriate the same according to the terms and provisions of said will and codicil.

" SECTION 3. The persons so appointed as provided in sec-tion two shall, before receiving any portion of said legacy, give a bond, with one or more sureties as security for the same, which said bond shall be approved as to its form and sufficiency by the supervisor of said town, and shall be filed in the town clerk's office."

The statute laws of the State of New York relating to trusts and to charitable uses, or to other matters bearing upon the ques-tions at issue, found in the printed copies of the statute laws of that state, purporting to be published under its authority or cer-tified by the proper officers, were by consent of parties referred to as facts and as part of this case, and the books of reports of cases adjudged in the courts of New York, as evidence of the un-written or common law of that state.

C. L. Beale, (of New York,) for the town of Kinderhook.

M. Wilcox, (J. Dewey, Jr., with him,) for the defendant Miner.

GRAY, C. J. This charitable bequest would apparently be held ineffectual and void by the courts of New York, if the tes-tator had been domiciled and his estate had been settled there ; not, however, because the purpose was unlawful, but because, by the later decisions of the Court of Appeals, the statutes of that state are held to have repealed the old law of charitable uses, and to have prohibited any corporation to take a charitable bequest of this description without express authority of the Legislature. Sherwood v. American Bible Society, 4 Abbott, (N. Y.) 227 ; S. C. 1 Keyes, 561. Bascom v. Albertson, 34 N. Y. 584. Adams v. Perry, 43 N. Y. 487. Holmes v. Mead, 52 N. Y. 332.

But the testator's domicil being in this Commonwealth, the question of the validity of his dispositions of his personal prop-erty, though to be executed elsewhere, is to be determined by the law of Massachusetts. Fay v. Haven, 3 Met. 109. Phelps v. Pond, 23 N. Y. 69. Bascom v. Albertson, 34 N. Y. 584. Cham-berlain v. Chamberlain, 43 N. Y. 424. By our law, this bequest is valid, whether the beneficiaries are in this or in any other state or country. Bartlet v. King, 12 Mass. 536. Washburn v. Sew-all, 9 Met. 280. Webb v. Neal, 5 Allen, 575. Odell v. Odell, 10 Allen, 1. Saltonstall v. Sanders, 11 Allen, 446. And the fact that a charitable bequest, otherwise valid, cannot take effect im-mediately, for want of proper objects or trustees, or of enabling

acts of the Legislature or of the Executive, will not defeat it. *Sanderson* v. *White*, 18 Pick. 328, 336. *Odell* v. *Odell*, 10 Allen, 1, 8. *Baker* v. *Clarke Institution*, 110 Mass. 88, 91.

The court will not allow a valid charitable trust to fail for want of a trustee ; and if the trust is to be executed out of the Commonwealth, the court may appoint a trustee here to receive the bequest, or may order the fund, or the income thereof from time to time, to be paid to a trustee in the place where the trust is to be executed — as may be consistent with its own jurisdiction and practice, and best carry out the intention of the testator. *Washburn* v. *Sewall*, 9 Met. 280. *Attorney General* v. *London*, 3 Bro. Ch. 171 ; *S. C.* 1 Ves. Jr. 243. *Mayor of Lyons* v. *East India Co.* 1 Moore P. C. 175, 295–297, and cases cited. *Attorney General* v. *Sturge*, 19 Beav. 597. *Chamberlain* v. *Chamberlain*, 43 N. Y. 424.

This bequest is " to the town of Kinderhook, New York, in its corporate capacity," in trust for the charitable uses and purposes declared in the will. The St. of New York of 1875, *c.* 200, § 1, expressly authorizes that town in its corporate capacity to receive and hold in trust all the property bequeathed to it by this will, for the uses and purposes therein mentioned. The bequest being valid by the law of this state, the town named in the will as trustee being now enabled, by a special act of the Legislature of the state in which it is situated, to take the bequest, and the trust being directed by the will to be executed in that state and for the benefit of the inhabitants of that town, the court might properly direct the fund to be paid over to the town, if it were clear that the trust could thereupon be lawfully administered according to the will of the testator.

But here a new difficulty arises. The testator directs that the interest and income of the fund shall be collected and distributed by persons appointed by the town annually for that purpose. The statute of New York, already referred to, § 2, authorizes such persons to be appointed by the supervisor and justices of the peace of the town. The collection and distribution of the income by persons appointed by certain municipal officers would not be according to the will of the testator, which directs those persons to be appointed by the town itself. It does not therefore as yet appear that, if the fund should be ordered to be paid

to the town of Kinderhook, it could be administered according to the will of the testator. The court is not at liberty to alter the scheme of the testator, either as to the objects of the charity or the agents by whom it is to be administered, unless it appears to be impossible to carry out his scheme according to its terms. *Baker* v. *Smith*, 13 Met. 34, 41. *Trustees of Smith Charities* v. *Northampton*, 10 Allen, 498, 501, 502. *Harvard College* v. *Society for Theological Education*, 3 Gray, 280. *Jackson* v. *Phillips*, 14 Allen, 539, 591, 592.

The result is, that the bequest must be adjudged valid, and the cause must stand for further directions. If the Legislature of New York shall see fit to provide by supplemental statute for the administration of the trust according to the will, the fund may then be ordered to be paid to the town of Kinderhook. If there shall be no such legislation within a reasonable time, it will become necessary to consider whether the court should appoint another trustee, or whether the bequest must fail.

*Decree accordingly.*

The Legislature of New York, by the St. of 1876, c, 241, passed May 13, 1876, provided for the election by the town of Kinderhook of persons .to administer the trust according to the will; and by the final decree in the cause, at September term 1876, the fund, after payment of the defendants' costs, taxed as between solicitor and client, was ordered to be paid to the town.