AARON A. HEALY *vs.* HORACE REED & others.

Plymouth.    October 21, 1890. — January 26, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Probate Court — Will — Charitable Bequest — Foreign Statute.*

Under the Pub. Sts. c. 127, § 34, the Probate Court has jurisdiction of a petition by the administrator of one of the next of kin of a testator for instructions as to the construction of the will and for an order restraining the administrator *de bonis non* with the will annexed from paying legacies until the determination of the questions involved.

The New York St. of 1860, c. 360, which provides that "no person having a husband, wife, child, or parent shall, by his or her last will and testament," make a charitable devise or bequest of more than one half of his or her estate after the payment of debts, applies only to a testator or testatrix who is an inhabitant of that State.

C. ALLEN, J.    This is a petition originally filed in the Probate Court by Aaron A. Healy, the administrator of the estate of Reuben Healy, who was a brother and one of the next of kin of the late Oliver G. Healy, an inhabitant of Massachusetts, asking for a construction of the will of said Oliver, and for the instructions of the court upon certain questions arising under the same, and praying that Horace Reed, the administrator *de bonis non* with the will annexed of said Oliver might be restrained from paying certain legacies given in said will until the further order of the court.    A decree having been made in the Probate Court cutting down the testator's legacy to the American Bible Society, an appeal was taken by that society to this court.    It was ruled by the justice before whom the case was heard in this court that the statute of New York of 1860, c. 360, which was relied on as restricting the power of the society to take the bequest in full, did not have the effect contended for, and did not apply to a will executed in Massachusetts by an inhabitant of Massachusetts; and this question was reported for our revision.

It is provided in the Pub. Sts. c. 127, § 34, that "the Supreme Judicial Court and the Probate Courts in the several counties may, on petition, hear and determine all matters and

questions arising under wills." Under the above statute, it was held in *Swasey* v. *Jaques*, 144 Mass. 135, that the executor of a will might file a petition in the Probate Court for the construction of the will; and that an appeal to this court might be taken from the decree of that court. The statute does not in terms limit to an executor the right to present such petition; and no objection has been taken before us that the petition might not properly be presented by the petitioner, who has an interest in the determination of the question, and who would be a party entitled to appeal. The petition also seeks for an order restraining the administrator *de bonis non* with the will annexed from making a payment of legacies in violation of the alleged rights of the petitioner, and this, if such payments were threatened, would be good ground for a bill in equity to restrain the payment till the determination of the question involved. Though the present form of procedure is novel, it seems to fall within the statute.

The statute of New York, St. 1860, c. 360, is entitled " An act relating to wills," and is as follows: " No person having a husband, wife, child, or parent shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious, or missionary society, association, or corporation, in trust or otherwise, more than one half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one half and no more." The testator had a wife, and his bequest to the American Bible Society was more than one half part of his estate. This society is a New York corporation, and it admits that its legacy must be cut down, provided the above statute by its true construction includes the case of a bequest to the society by a Massachusetts testator. There is no statute in Massachusetts limiting the power of the testator in respect to this legacy.

For the purpose of showing the construction which has been or probably would be put upon the statute of New York by the courts of New York, various decisions were put in evidence.

The first of these is *Chamberlain* v. *Chamberlain*, 43 N. Y. 424. In that case, a New York testator left the residue of his estate, amounting to more than one half of the whole estate, to two religious or charitable societies, one of which was a New York

corporation and the other a Pennsylvania corporation, and it was held that the bequests must be cut down. The court said, in the course of the judgment, at page 440: "The prohibition [of the St. of 1860, c. 360] operates upon the testator's capacity to give rather than upon the power of the legatees to take."

The next case put in evidence is *Kerr* v. *Dougherty*, 79 N. Y. 327. A New York testator gave $5,000 to a Pennsylvania charitable society, and died within thirty days after executing his will. There was a Pennsylvania statute (St. 1855) entitled, "An act relating to corporations and to estates held for corporate, religious, and charitable uses," which was as follows: "No estate real or personal shall hereafter be bequeathed, devised, or conveyed to any body politic, . . . except the same be done by deed or will, attested by two credible and at the time disinterested witnesses, at least one calendar month before the decease of the testator or alienor, and all dispositions of property contrary hereto shall be void." The question was whether by reason of this statute the bequest of the New York testator was void, and a majority of the court held that it was; that the limitation related both to the power to dispose of property and to the right to take it; and that the policy of the Pennsylvania statute was to make all such gifts to Pennsylvania corporations invalid, no matter where the donor or testator might live. Two eminent judges of the Court of Appeals (Rapallo and Earl) dissented from this construction of the Pennsylvania statute; but, assuming the view of the majority of the court to be correct, it is merely the construction of a Pennsylvania statute which differs both in its title and in its phraseology from the statute of New York. Neither the decision itself, nor the language of the majority of the court in rendering the judgment, appears to us to be of controlling weight to show that the court would give such a construction to the New York statute as to cut down the legacy to the Bible Society in the will now before us. The two later cases, *Stephenson* v. *Short*, 92 N. Y. 433, and *Hollis* v. *Drew Theological Seminary*, 95 N. Y. 166, do not throw much light upon the question, as the St. of 1860, c. 360, was not involved in either case.

It seems to us that the statute of New York was intended to

apply only to testators who were inhabitants of that State. It is not an act relating primarily to corporations, or designed primarily to limit the amounts they may receive; but it is an act relating to wills, and designed for the protection or benefit of persons interested in the estates of inhabitants of that State. There is nothing in it to prevent a New York corporation from receiving any bequest which may be made to it by an inhabitant of another State, and which may be lawful according to the laws of the place of his residence. See *Thompson v. Swoope*, 24 Penn. St. 474; *White v. Howard*, 38 Conn. 342; *American Bible Society v. Marshall*, 15 Ohio St. 537.

The petition sets forth that the charter of the Bible Society, (N. Y. St. of 1841, c. 68,) as amended by the New York statute of 1872, c. 360, provides that every bequest to said society shall be subject to the provisions of the St. of 1860, c. 360. This fact, however, does not aid in the construction of the statute. It merely forbids the society to receive a bequest which that statute forbids to be made.

The result is, that in our opinion the American Bible Society may lawfully receive the bequest according to the terms of the will, and the decree of the Probate Court must be modified accordingly.                                   *Decree accordingly.*

*F. Peabody, Jr. & R. Grant*, for the Bible Society.

*R. O. Harris*, for Aaron A. Healy.