**BEACH v. GILBERT et al.**

**HILL et al. v. SAME.**

**Nos. 8182, 8183.**

United States Court of Appeals for the District of Columbia.

Argued Dec. 3, 1942.

Decided Jan. 18, 1943.

Messrs. Leslie C. Garnett and Francis W. Hill, Jr., with whom Mr. Henry H. Pike, all of Washington, D. C., was on the brief, for appellants.

Mr. John E. Powell, with whom Messrs. Benjamin S. Minor and Arthur P. Drury, all of Washington, D. C., were on the brief, for appellees.

Before GRONER, Chief Justice and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This is a suit to determine the validity of a devise in a trust. The testator, John A. Baker, died domiciled in the District of Columbia on May 6, 1929. All his real estate was in the District. His will provided in Clause 9 that on the death of his daughter-in-law, Mary G. Baker, one-fourth of a trust fund should be paid to National Savings and Trust Co. as trustee "to pay therefrom as follows: One-third thereof to a committee of five white persons who have been continuously residents of Prince Georges County, Maryland, five years, each from a different section of said county, to be applied by said committee in its discretion for the medical welfare, support and care of indigent and indigent sick white persons who are living and have lived continuously in said county five years, said committee to be selected and appointed, annually, by the pastors for

---

the time being of Trinity Protestant Episcopal Church and of St. Mary's Catholic Church, both in Upper Marlboro, in said county, and of the First Baptist Church and the Presbyterian Church of Laurel, in said county, or a majority of them." The two remaining thirds of the income were to be paid, for similar purposes, to similarly constituted committees residing respectively in Montgomery County, Maryland, and Fairfax County, Virginia.

Mary G. Baker died on July 30, 1937. From the time of her death until 1939 the Trust Company distributed income to committees and the committees distributed it in accordance with the will. A question was then raised as to the validity of Clause 9, and the trustee asked the court for instructions. Relatives of the testator contend that Clause 9 is invalid. The District Court upheld it as creating a valid charitable trust.

■ Charitable trusts of indefinite duration, for vaguely-defined beneficiaries, have long been enforceable in the District of Columbia.[1] They have been enforceable in Virginia ever since the testator's death.[2] In Maryland they were not enforceable at the time of his death but they were made so before the death of Mary G. Baker.[3]

■■ Courts tend, unhampered by any fixed conflict-of-laws rule, to sustain charitable trusts which do not violate the policy of any state concerned.[4] The court of a testator's domicile has sometimes upheld a devise on trusts locally enforceable but not enforceable in the state where they were to be administered. In other words, the domiciliary court sometimes asks no more of the law of the place of administration than that it permit the trustees to take the trust property,[5] since it is better to give substantial effect than no effect at all to the testator's intention. The court of the place of administration has sometimes upheld a trust otherwise invalid there if it was valid at the testator's domicile.[6] And it has sometimes been held that if, at the time a trust is to be administered, it is enforceable by the law of the place of administration, the fact that it was not enforceable there when the testator died does not vitiate a trust valid by the domiciliary law; administration in accordance with the testator's scheme may proceed under later legislation.[7]

At all pertinent times, a trust of the sort here involved has been enforceable according to the law of the District of Columbia. Not only do the laws of Maryland and Virginia now permit individuals, as distinguished from unincorporated associations,[8] to accept and administer a trust fund for charitable purposes; as far as we know they have permitted it ever since the testator died. Moreover, those states are now, and have been since income first became payable under Clause 9, prepared to enforce the administration of such a trust. Appellants would have us avoid the devise because of the fact that if income had become payable some years before it did become payable the Maryland law would not then have required but would merely have permitted the Maryland committees to use it as the testator directed. We think his charitable intention should not be defeated entirely because it might have been defeated locally, temporarily and partially if the question had arisen in 1929.

Affirmed.

---

[1] Ould v. Washington Hospital for Foundlings, 95 U.S. 303, 24 L.Ed. 450; Washington Loan & Trust Co. v. Hammond, 51 App.D.C. 260, 278 F. 569; 2 Bogert, Trusts and Trustees (1935), § 322.

[2] Va.Acts, 1914, c. 234, Va.Code, 1936, § 587; Moore v. Downham, 166 Va. 77, 184 S.E. 199.

[3] Laws of Md., 1931, c. 453, Md.Code, 1939, Art. 16, § 279.

[4] Cf. Beale, Conflict of Laws (1935) § 295.1.

[5] Handley v. Palmer, C.C., 91 F. 948; Id., 3 Cir., 103 F. 39; American Bible Soc. v. Healy, 153 Mass. 197, 26 N.E. 404, 10 L.R.A. 766; Fellows v. Miner, 119 Mass. 541. Cf. Vidal v. Girard's Executors, 2 How. 127, 43 U.S. 127, 192, 196, 11 L.Ed. 205, distinguishing and disapproving Trustees of Philadelphia Baptist Ass'n v. Hart, 4 Wheat. 1, 17 U.S.

1, 4 L.Ed. 499; Jones v. Habersham, 107 U.S. 174, 179, 2 S.Ct. 336, 27 L.Ed. 401; Klumpert v. Vrieland, 142 Iowa 434, 121 N.W. 34; Mount v. Tuttle, 183 N.Y. 358, 76 N.E. 873, 2 L.R.A.,N.S., 428, 437; Scott, Trusts (1939) §§ 123, 398.1.

[6] Cross v. United States Trust Co., 131 N.Y. 330, 30 N.E. 125, 15 L.R.A. 606, 27 Am.St.Rep. 597; Dammert v. Osborn, 140 N.Y. 30, 35 N.E. 407.

[7] Dammert v. Osborn, 140 N.Y. 30, 35 N.E. 407; Fellows v. Miner, 119 Mass. 541.

[8] Cf. Fitzgerald v. Doggett's Executor, 155 Va. 112, 155 S.E. 129, 134. The committees created under Clause 9 are not unincorporated associations but independent groups of individuals, since nothing passes from an earlier committee to a later one.