231 F.Supp. 930 (1964)
The BOEING COMPANY, a Delaware Corporation, Morton, Pennsylvania,
v.
INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW, AFL-CIO), Philadelphia, Pennsylvania,
Local 1069, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW, AFL-CIO), Morton, Pennsylvania, and
American Arbitration Association, a New York Corporation, Philadelphia, Pennsylvania.
Civ. A. No. 34756.
United States District Court E. D. Pennsylvania.
July 21, 1964.
Robert M. Landis, Dechert, Price & Rhoads, Philadelphia, Pa., for plaintiff.
Edward Davis and Alan R. Howe, Philadelphia, Pa., for defendants.
GRIM, District Judge.
This is an action by an employer under Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185 for a declaratory judgment that under the terms of its collective bargaining agreement with defendant unions, it was not obligated to arbitrate a dispute arising out of the employer's decision to terminate the distribution of "Christmas turkeys" to its employees.
*931 Defendant unions have filed a counter-claim seeking to compel the employer to arbitrate the turkey dispute. The case is presently before the court on the defendant unions' motion for summary judgment.
In 1954, the management officials of the Vertol Division of the plaintiff, Boeing Company, hereinafter referred to as the Company, decided to distribute turkeys during the Christmas season to all its employees. One turkey irrespective of size or weight was distributed to each employee regardless of the employee's position in or length of service with the Company. The Company continued this practice every Christmas until 1963, when the Company decided to cancel the distribution of Christmas turkeys allegedly to reduce costs.
Defendant unions, who were certified in 1956 as the collective bargaining representatives for approximately one-half of the company's employees, claim that the distribution of Christmas turkeys was considered a fringe benefit and "an indirect form of remuneration" for the employees, that Christmas turkeys were a subject of bargaining at the negotiations leading to the present labor contract, and that though not specifically provided for in the written labor contract, it was nevertheless considered to be part of the agreement between the parties that the Company distribute these turkeys to the employees during the Christmas season. The Company in its affidavits opposing the unions' motion for summary judgment denies that the distribution of Christmas turkeys was ever the subject of negotiations leading to the present labor contract and points out that there are a number of practices such as the sponsoring of athletic teams and social clubs, the sending of flowers or mass cards on the death of an employee, which, like the Christmas turkey practice, are not the subject of specific provisions of the collective bargaining contract nor have grievances over them ever been considered subject to arbitration.
Although the parties disagree on the bargaining history, the undisputed facts of this case relating to the issue of admirability of the Christmas turkey dispute are sufficient to permit the court to render summary judgment.
Article V-A of the agreement between the Company and the unions entitled "Grievance Procedure" sets up a four-step process of meetings between union and company representatives at different levels of authority to resolve grievances that have arisen. A grievance is defined in this Article as "a difference between the Company and any Employee concerning working conditions, or the interpretation or application of any provision of this Agreement."
Article VI of the Agreement entitled "Arbitration" provides:
"Section 1. The only grievance which may be submitted to arbitration is a grievance involving the interpretation or application of the provisions of this agreement which has been processed through Step 4 of the grievance procedure.
* * * * * *
"Section 4. The jurisdiction of the arbitrator shall be limited to a determination of the facts and the interpretation and application of the specific provisions of this agreement at issue. The arbitrator shall be bound by the provisions of this agreement and shall have no authority to add to, subtract from, amend or modify any of its provisions, or to rule upon wage scales or management prerogatives."
It is the job of the court to determine whether a company is bound to arbitrate as well as what issues it must arbitrate, and the determination of this issue of "admirability" must be made by the court on the basis of the collective bargaining agreement entered into by the parties. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, *932 546, 547, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964).[1]
Likewise it is clear that the parties can in their collective bargaining agreement specifically exclude certain issues from arbitration. Atkinson v. Sinclair Refining Co., supra; United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 584, 80 S.Ct. 1347 (1960); see concurring opinion of Mr. Justice Brennan in United Steelworkers of America v. American Mfg. Co., supra.
Examining the arbitration clause in this case, it is clear that the Company bound itself to arbitrate only grievances "involving the interpretation or application of the provisions of this agreement * * *." Arbitration was limited to grievances involving a "specific provision of this agreement * * *." There is no provision specific or otherwise in the agreement relative to the distribution of Christmas turkeys. The defendant unions concede this but argue that there was an unwritten understanding between the parties that the Company would continue to distribute the Christmas turkeys as a fringe benefit to its employees. However, even if such an unwritten understanding existed, it would not be a part of the written labor contract and, therefore, not an arbitrable matter.
The exclusionary clause in the arbitration article, that the "jurisdiction of the arbitrator shall be limited to * * * the interpretation and application of the specific provisions of this agreement at issue" can only mean that it was intended to limit the scope of arbitrable matter. Not all disputes or disagreements between the Company and union were to be arbitrable; but only those that related to a specific provision of the written agreement. Other disputes or disagreements concerning acts or omissions not dealt with in the collective bargaining agreement, were to be resolved exclusively through the Grievance Procedure of Article V-A.
In view of the undisputed facts in the record, it cannot be held that the Company has bound itself to submit to arbitration this dispute over the termination of the distribution of Christmas turkeys and accordingly summary judgment in favor of the Company will be entered. The fact that the Company has not seen fit to file a cross-motion for summary judgment does not preclude this court from entering such judgment on its own motion. American Auto Ins. Co. v. Indemnity Ins. Co., 108 F.Supp. 221 (E.D. Pa.1952) aff'd 228 F.2d 622 (3d Cir. 1956); Local 33, Int'l Hod Carriers Building and Common Laborers' Union of America v. Mason Tenders District Council, 291 F.2d 496, 505 (2d Cir. 1961).

ORDER
And now, this 21st day of July, 1964, the motion of the defendants, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW, AFL-CIO) and Local 1069, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, for summary judgment is denied.
It is further ordered that summary judgment be entered in favor of the plaintiff, Boeing Company, declaring that the issue of the termination of the distribution of Christmas turkeys sought to be arbitrated by the defendants is not arbitrable under the provisions of the collective bargaining agreement between the parties.
NOTES
[1] The argument of the unions that the issue of arbitrability is for the arbitrator to determine is without merit on the facts of this case. Of course the parties could have provided in the agreement that "any dispute as to whether a particular claim is within the arbitration clause is itself for the arbitrator" to decide. See concurring opinion of Mr. Justice Brennan in United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S. Ct. 1343, 4 L.Ed.2d 1403 (1960), and footnote 7 in United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 583, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). However, there is no such provision in the collective bargaining agreement before this court.