**NATIONAL SAVINGS AND TRUST COMPANY, Plaintiff,**

v.

**Elizabeth Owen SAROLEA et al., Defendants.**

**Civ. A. No. 2624-64.**

United States District Court
District of Columbia.

May 24, 1967.

John E. Powell, Drury, Lynham & Powell, Washington, D. C., for plaintiff.

Lorie M. Molnar, Molnar & Grammon, Washington, D. C., George J. Schaefer, New York City, for defendants Elizabeth Owen Sarolea, M. Jean Porges and David B. Kirkbride, executors of the will of Melanie B. Owen, deceased.

Leonard E. Ackermann, Washington, D. C., Lawrence R. Condon, New York City, for defendants Gordon Bisland Duval, surviving executor of the will of Pressley E. Bisland, deceased, and First Westchester Bank of New Rochelle and Sarah Bisland Oakes, executors of the will of Anna Lawrence Bisland, deceased.

## OPINION

WILLIAM B. JONES, District Judge.

Elizabeth Bisland Wetmore died testate on January 26, 1929. By her last will and testament she, after making certain specific bequests, devised and bequeathed the residue of her estate to plaintiff in trust. Under the terms of the testamentary trust the plaintiff was to pay the net income to the sisters of the testatrix until the death of the last of them. Thereafter plaintiff was to pay $10,000.00 per annum from the net income to testatrix' niece, Elizabeth Tallant Owen, who is the defendant, Elizabeth Owen Sarolea.[1] The balance of the net income was to be used and applied "in the care of indigent native sufferers from tubercular consumption in and about the City of New Orleans, Louisiana, the said net income to be paid to such organizations, institutions and associations engaged in said work and in such proportions as may be annually designated by the governing bodies of the First Methodist Church, the First Presbyterian Church and the Christ Church Cathedral situate in New Or-

1. Upon the death of Elizabeth Owen Sarolea, the trust is to cease and determine and the trustee is to pay $250,000 of the trust property to the surviving issue of Elizabeth Owen Sarolea with the balance of the trust fund being vested in the trustee or its successor upon the conditions referred to *infra* in this opinion.

leans, Louisiana, or by any one of them in the event the three bodies fail or refuse to act or to agree." The trust further provides that "in the event no one of said bodies [church] takes action as contemplated hereby, my said Trustee or its successor, shall have full power to use or apply the said net income as it shall deem wise toward the purposes herein specified."

The last of testatrix' surviving sisters, Anna Lawrence Bisland, died in 1964. Thereafter counsel for defendant Elizabeth Owen Sarolea advised the plaintiff that it was defendant Sarolea's position that the trust to provide for the care of indigent native sufferers from tubercular consumption in and about the City of New Orleans, Louisiana, was invalid. Demand was made that the issue of the validity of the trust be submitted to this Court for determination. Plaintiff being of the opinion that the trust is valid is presently accumulating the income from the trust estate over and above the $10,-000.00 per annum that it is required to pay to the defendant Elizabeth Owen Sarolea. Plaintiff has filed its complaint herein for instructions to it concerning the trust.

Defendants,[2] after answering the complaint and pursuing certain pre-trial discovery, have filed their motions for summary judgment. Plaintiff has opposed the granting of the motions for summary judgment. The Court has had the benefit of the briefs filed by the parties and oral argument of counsel.

Defendants assert that the trust violates the rule against perpetuities in that it directs the application of trust property to businesses that are not limited to charitable purposes; that is that they also include noncharitable purposes. The Court is of the opinion that the Wetmore trust (excepting the bequests to defendant Sarolea and her issue) has only a charitable purpose, that is, the care of indigent native sufferers from tubercular

consumption in and about the City of New Orleans, Louisiana. That there are such persons in that geographical area is shown by the January 11, 1966 deposition of Dr. Maurice Campagna, who since 1940 has been the Director of the Bureau of Tuberculosis Control, Department of Health, City of New Orleans, Louisiana.

Defendants, however, argue that the beneficiaries of the trust are the "organizations, institutions and associations engaged in said work", that is, the care of indigent native sufferers from tubercular consumption in and about the City of New Orleans, Louisiana. They assert that such organizations, institutions and associations can well be, and most likely would be, hospitals, clinics and the like, which are organized for profit. Assuming that such hospitals and clinics are organized for profit they are only the means of accomplishing the charitable purpose that testatrix-settlor had in mind, that is, the care of the indigent tubercular sufferers. As Dr. Campagna testified in his deposition, in recent times there has been developed tubercular care by drug treatment. It is common knowledge that drugs are manufactured and sold by corporations and other businesses for profit. But defendants could hardly contend that the purchase with trust funds of a drug from a profit making organization invalidates the trust when the drug was being administered without cost to indigent sufferers. Nor would the trust be invalid if the trust funds were expended in care of an indigent tubercular patient by payment to a profit making hospital or clinic or physician. The indigent patient receives the care without cost because of the trust fund. Thus the object of the trust—the charitable purpose—would be accomplished by the utilization of an available means whether it be for profit or nonprofit. In that connection it is to be noted that the trust expressly provides that no part of the fund is to be used in the erection of buildings. Thus in cases where hospi-

---

2. In addition to Elizabeth Owen Sarolea the other defendants are executors of the wills of two of the sisters and one brother who survived the testatrix Elizabeth Bisland Wetmore.

tal care of an indigent tubercular sufferer is required the facilities of an existing hospital available for treatment of tubercular patients would have to be utilized whether the hospital was operated for profit or otherwise.

Defendants complain that the organizations, institutions and associations engaged in the work of caring for indigent native tubercular sufferers in and about New Orleans, are to be designated by three New Orleans churches. They claim that only two of those churches are incorporated. The thrust of the argument seems to be that only the two incorporated churches would have governing bodies and, therefore, competent to act. But they make no showing that the third and unincorporated church—Christ Church Cathedral—does not have a governing body. But even if it could be assumed that the Christ Church Cathedral has no governing body, a most unlikely condition, the trust provides that in the event it failed to act, the governing bodies of the two incorporated churches could make the necessary designations of the organizations, institutions and associations. In fact, if none of the churches acted, the trustee or its successor would have full power to use or apply the net income of the trust fund as it deemed wise "toward the purposes herein specified."

The United States Court of Appeals for the District of Columbia Circuit has held to be valid a trust very similar to the Wetmore trust. Beach v. Gilbert, 77 U.S.App.D.C. 117, 133 F.2d 50 (1943), affirming Gilbert v. Beach, 42 F.Supp. 168 (D.D.C., 1941). There the testator Baker in his last will and testament created a trust and named the plaintiff here as the trustee. Payments from the trust fund were to be made to three committees, one in Prince Georges County, Maryland, another in Montgomery County, Maryland and the third in Fairfax County, Virginia. Each committee was to consist of 5 persons and they were to be selected annually by pastors of certain named churches in the particular county. The funds received from the trustee by each committee were to be applied by the committee in its discretion for the medical welfare, support and care of indigent and indigent sick residents of the particular county. In the event that any one committee did not act to accomplish the designated purpose, the money that would otherwise be received by it would go to the remaining two committees for application by them for the medical welfare, support and care of indigent and indigent sick persons of their counties. The Court of Appeals held that: "Charitable trusts of indefinite duration for vaguely-defined beneficiaries have long been enforceable in the District of Columbia." [3]

The organizations, institutions and associations to be designated by the New Orleans churches are no more indefinite and unascertainable as defendants contend than were the three committees provided for in the Baker trust. Nor is the method set up in the Wetmore trust for the designation of such organizations, institutions and associations any more uncertain, impracticable or impossible than was the method provided for in the Baker trust in the *Beach* case.

Equally without merit is the defendants' contention that the governing bodies of the three New Orleans churches are neither executors nor trustees appointed in the will and, therefore, have no fiduciary powers. As in the case of the church pastors designated in the valid Baker trust, the governing bodies of the three New Orleans churches have no executor or trustee duties. Their activity is limited to the selection of and proportioning annual trust income to

3. In the *Beach* case a question arose with respect to the validity of the trust in the States of Maryland and Virginia. The Court found that such a trust was enforceable in Virginia since the time of the testator's death and that while in Maryland it was not enforceable at the time of his death; it had become so before the trust became effective. There has been no contention here that the Elizabeth Bisland Wetmore trust would not be enforceable in Louisiana.

New Orleans area institutions, organizations, and associations engaged in the work of caring for "indigent native sufferers from tubercular consumption in and about the City of New Orleans, Louisiana," the objects of the bounty of the testatrix-settlor.

The fact that the governing bodies of the New Orleans churches, as well as the organizations, institutions and associations selected by those bodies would be outside the jurisdiction of this Court does not make the trust invalid. The pastors of churches in Prince Georges County, Maryland, Montgomery County, Maryland and Fairfax County, Virginia, and the committee members selected by those pastors were all outside the jurisdiction of this Court in the case of the Baker trust which was held valid in Beach v. Gilbert, supra.

Defendants cite certain cases as authority for holding the Elizabeth Bisland Wetmore trust to be invalid. The Court has examined those cases and finds that they are inapposite here. Moreover, none is a District of Columbia decision. Beach v. Gilbert, 77 U.S.App.D.C. 117, 133 F.2d 50, continues to be the controlling law in this jurisdiction, which was the domicile of the testatrix-settlor. Here charitable trusts have always been favorites of the law and they are construed with liberality. Ould v. Washington Hospital, etc., 95 U.S. 303, 313, 24 L. Ed. 450 (1877). Board of Directors of City Trusts v. Maloney, 78 U.S.App.D.C. 371, 373, 141 F.2d 275 (1944).

Defendants' motions for summary judgment will be denied.

Plaintiff did not file a motion for summary judgment, but at the time of oral argument on defendants' motions for summary judgment counsel for the plaintiff and counsel for the defendants agreed that if this Court were to deny the defendants' motions it could, if it otherwise saw fit, enter a summary judgment for the plaintiff. It has been held that the mere failure to file a cross motion for summary judgment does not preclude the Court from entering such a judgment on its own motion. Boeing Co. v. International Union, United A., A. & A. I. Wkrs., 231 F.Supp. 930, 932 (E.D. Pa., 1964). Local 33, Int. Hod Carriers, Etc. v. Mason Tenders, Etc., 291 F.2d 496, 505 (2nd Cir. 1961). In view of the uncontroverted facts and the controlling law in this case summary judgment will be entered for the plaintiff.