441 F.Supp. 224 (1977)
Gayle A. TENNY, Individually and on behalf of her four minor children Kimberley Arbuckle, Rebecca Arbuckle, Sunshine Arbuckle and Bonnie Arbuckle, Plaintiffs,
v.
The UNITED STATES, and United States Civil Service Commission, Defendants,
Cynthia Arbuckle, Third-Party Defendant.
No. 77-461C(3).
United States District Court, E. D. Missouri, E. D.
November 23, 1977.
*225 Stuart R. Berkowitz, Legal Aid Society, Harold L. Whitfield, Freeman, Whitfield, Montgomery & Walton, St. Louis, Mo., for third-party defendant Cynthia Arbuckle.
Jean C. Hamilton, Asst. U. S. Atty., U. S. Dept. of Justice, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
This action is before the Court upon cross motions for summary judgment. Plaintiff seeks, on behalf of her four minor children, declaratory and other relief from a final decision of the Appeals Review Board (ARB) of the United States Civil Service Commission, denying survivorship annuities under the Civil Service Retirement System Act of 1930, as amended, 5 U.S.C. § 8331 et seq. (1970). Plaintiff's sole contention is that the "lived with" requirement for illegitimates of 5 U.S.C. § 8341(a)(3)(A)(ii) violates the Fifth Amendment to the United States Constitution.
At the time of his death on October 19, 1974, Clarence Arbuckle (hereinafter decedent) was an employee of the United States Postal Service. He had been so employed for twenty years. Under the survivor annuity provisions of the Civil Service Retirement System Act, widows and certain classes of children of deceased employees are entitled to payment of survivor annuities. 5 U.S.C. § 8341(e) (1970).
Upon decedent's death his widow, Ruth Arbuckle, applied for a widow's annuity and for a child's annuity on behalf of her daughter Cynthia Arbuckle. Both were awarded and are currently receiving annuities.
On November 25, 1974 plaintiff applied for survivor annuities for her four children as recognized natural children of decedent. Enclosed with the application were photocopies of life insurance policies of each of the children on which decedent was named as purchaser and beneficiary in the relation of father to the insured. By letter of March 27, 1975 the Civil Service Commission's Bureau of Retirement, Insurance and Occupational Health (BRIOH) informed plaintiff that benefits must be denied on grounds that decedent and plaintiff's children were not "living together in a regular parent-child relationship" at the time of his death. In response to an inquiry by plaintiff's counsel, BRIOH cited § 8341(a)(3)(A)(ii) as the legal basis for the denial of benefits. This Section reads in pertinent part
"(3) child means
(A) an unmarried child under 18 years of age, including
(i) an adopted child, and
(ii) a stepchild or recognized natural child who lived with the employee in a regular parent-child relationship".
Plaintiff appealed the decision to the ARB and offered an affidavit showing that decedent supplied financial support to plaintiff's children, acknowledged his paternity, had taken an active role in their upbringing and frequently visited them. Plaintiff argued that the "lived with" requirement of *226 § 8341(a)(3)(A)(ii) should be construed broadly so as to permit eligibility under these circumstances.
The ARB rejected plaintiff's interpretation in a decision of July 29, 1976 holding that the statute required that the parent and child share "a common roof under conditions which indicated more than a mere coincidence of residence". Since decedent and plaintiff's children had different residences, the statutory requirement for eligibility was not satisfied. Following the adverse decision of the ARB, plaintiff filed this action. Cynthia Arbuckle was joined as a defendant pursuant to Rule 19(a), Federal Rules of Civil Procedure.
As a preliminary matter, this Court notes that two courts have already held the "lived with" requirement of § 8341(a)(3)(A)(ii) unconstitutional. Gentry v. United States, 546 F.2d 343 (Ct.Cl.1976), reh. denied, 551 F.2d 852 (Ct.Cl.1977); and Infant John Myers v. Hampton et al., Civil Action No. 8682 (S.D.Ohio August 8, 1977), appeal docketed ____.
Section 8341(e) of the Act grants monetary benefits to children of a deceased Civil Service employee. Section 8341(a)(3) defines the class of children entitled to these benefits. Benefits are extended to all children of a deceased Civil Service employee except those of his illegitimate issue who do not reside in the home of the deceased parent. Thus, children not living with the parent during the parent's lifetime are classified by legitimacy: legitimate children receive benefits under the Act while illegitimate children do not. In light of this result, plaintiff argues that the "lived with" requirement violates her right to equal protection under the laws as guaranteed by the Due Process Clause of the Fifth Amendment. Weinberger v. Wiesenfeld, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975); Jimenez v. Weinberger, 417 U.S. 628, 94 S.Ct. 2496, 41 L.Ed.2d 363 (1974); Richardson v. Belcher, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971); Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).
The Supreme Court has evolved a two-tiered approach to analyzing equal protection challenges to legislative classifications. If the legislative discrimination involves a "suspect class" or intrudes upon a "fundamental interest" the classification is subjected to strict scrutiny and must be narrowly tailored to achieve a compelling state interest. See Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971) (alienage); Loving v. Virginia, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967) (race); Bolling v. Sharpe, supra; Korematsu v. United States, 323 U.S. 214, 65 S.Ct. 193, 89 L.Ed. 194 (1944) (race); Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943) (national origin). Other legislation is subject to a less demanding "rational basis" test. See Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 255 (1971); Williamson v. Lee Optical Co., 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 1256 (1955); Royster Guano Co. v. Virginia, 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989 (1920).
The standard of review when illegitimacy classifications are at issue is that of "rational basis". Mathews v. Lucas, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976). The Court made it clear, however, that "this realm of less than strictest scrutiny . . is not a toothless one". Id. at 510, 96 S.Ct. at 2764. See also Trimble v. Gordon, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977); Jimenez v. Weinberger, supra; Gomez v. Perez, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973); Weber v. Aetna Casualty & Surety Co., 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972); Glona v. American Guarantee and Liability Ins. Co., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968); Levy v. Louisiana, 319 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968).
This Court, then, must determine the congressional purpose in making the classification and determine whether the scheme is rationally related to that purpose. Defendants argue that
the intent of Congress in enacting 5 U.S.C. § 8341(a)(3)(A)(ii) was to use the child survivor annuity provision to replace lost support for those children who were the probable objects of support during the individual's lifetime. Brief for defendants at 47.
*227 Defendants also argue that a second congressional purpose in enacting the "lived with" requirement is the prevention of spurious claims of parentage. Since the "lived with" requirement is rationally related to these dual legislative objectives, according to defendants' argument, the existing classification is sufficient to satisfy the requirements of the Fifth Amendment.
In Jimenez v. Weinberger, supra, the Court was faced with a challenge to 42 U.S.C. § 416(b)(3)(B) under which illegitimate children were deemed entitled to disability insurance benefits without any showing that they were, in fact, dependent upon their disabled parent if: (1) state law permitted them to inherit from the wage earner parent; (2) their illegitimacy stemmed from some formal, non-obvious defect in the ceremonial marriage of the parent; or (3) they were legitimated. An illegitimate child unable to satisfy these criteria could qualify if it lived with the parent prior to the disability or the disabled wage earner parent contributed to the child's support prior to the disability. If unable to meet any of these criteria, the statute presumptively and finally barred the child from receiving benefits.
Plaintiff therein was a covered wage earner who became entitled to benefits. He sought such benefits for two of his non-legitimated illegitimate children born after the disability. His claim was denied and a three-judge court upheld the administrative decision. The Supreme Court reversed.
The primary purpose of the contested sections, as determined by the Court, was "to provide support for dependents of a disabled wage earner". 417 U.S. at 634, 94 S.Ct. at 2500. A further purpose was to prevent spurious claims of parentage. The Court held that the classifications in the statute did not serve either purpose of the Act. Assuming that afterborn illegitimates were, in fact, dependent, it was unreasonable to deny them any opportunity to establish dependency. Further, the Act discriminated between afterborn illegitimates without any basis therefor, since the potential for spurious claims was exactly the same in both situations.
The statute in Jimenez presumptively granted benefits to supported or resident illegitimates born before the onset of the disability as well as all legitimates regardless of when born. It conclusively denied such benefits to illegitimates born after the onset of the disability. The statute in the instant case creates a right to benefits for illegitimate children who "lived with" the deceased employee before his death, regardless of dependency, but conclusively bars such payments to illegitimates who did not live with the annuitant. As in Jimenez, the "lived with" requirement does not promote the purpose of aiding dependent children.
Nor is the statute rationally related to the alleged legislative goal of preventing spurious claims of parentage. Clearly, there is a greater evidentiary problem with respect to nonresident illegitimates but, as the Jimenez Court recognized, it does not follow "that the blanket and conclusive exclusion of [plaintiffs'] subclass of illegitimates is reasonably related to the prevention of spurious claims". 417 U.S. at 636, 94 S.Ct. at 2501. The potential for spurious claims is no different as to resident and nonresident illegitimates as the court in Gentry v. United States, supra, recognized:
In this day and age because of the high rate of divorce and separation among the adult population it is . . . likely for any woman's children to be living with an unrelated adult male. Suppose the male dies and the woman claims that the children are his. How does the "lived with" requirement help to bar such a spurious claim? 546 F.2d at 352.
See also Gomez v. Perez, supra, in which the Court noted that problems of proof of paternity could not be used as "an impenetrable barrier that works to shield otherwise invidious discrimination". 409 U.S. at 538, 93 S.Ct. at 875.
Mathews v. Lucas, supra, cited by defendants as controlling, is not applicable. In Lucas, challenge was made to a section of the Social Security Act which denied survivorship benefits to illegitimate children *228 who did not meet any of the statutory presumptions of dependency, were not living with the parent or failed to show dependency by proof that the parent was contributing to their support. In Lucas, any otherwise eligible child could qualify upon a showing of contribution to support or cohabitation at the time of death. Jimenez did not apply since the statute in Lucas did not conclusively deny benefits. Where the denial of benefits to illegitimates is not made per se on the basis of illegitimacy, and when the illegitimate has the opportunity to overcome the disability by a show of proof, the infringement is not sufficiently onerous to outweigh a legitimate governmental interest. Mathews v. Lucas, supra. Such an opportunity to overcome the disability is absent in the statute under consideration. This Court is led, therefore, to the inevitable conclusion that this statutory scheme exceeds the limits of constitutional permissibility.
In Mathews v. DeCastro, 429 U.S. 181, 97 S.Ct. 431, 50 L.Ed.2d 389 (1976), the Court found that the congressional purpose of providing adequate protection for the family was served by providing disability benefits to a wife, but not a former wife. The Court concluded that the benefits paid to a wife encouraged the wife not only to care for the dependent child but also to care for the disabled wage earner husband. Since no such obligation is incurred by a divorced wife, the provision did not violate the requirement of rationality. No rational basis exists herein, however, for conclusively denying benefits to one class of dependent children (dependent, nonresident illegitimates) while presumptively allowing benefits to others (legitimates, and resident illegitimate children). Thus, DeCastro affords no support to defendants herein.
In the ARB decision, the Board found that "Mr. Arbuckle recognized the children, apparently contributed to their support, and regularly visited with them". Since there are no issues of material fact that, absent the "lived with" requirement, these children are entitled to benefits, and since the Court concludes that the "lived with" requirement is impermissible, plaintiff's motion for summary judgment will be granted.
As part of the requested relief, plaintiff seeks an award of attorney's fees. It is clear, however, that attorney's fees are not recoverable herein. 28 U.S.C. § 2412; Wilderness Society v. Morton, 161 U.S.App.D.C. 446, 495 F.2d 1026 (1974); Cassata v. Federal Savings & Loan Insurance Corp., 445 F.2d 122 (7th Cir. 1971).
Accordingly, defendants' motion for summary judgment will be denied. Plaintiff's motion for summary judgment will be granted but the request for attorney's fees will be denied. Defendants will be ordered to pay plaintiff's children civil service annuity benefits commencing from October 20, 1974, the day following the death of their father. Title 5 U.S.C. § 8341(a)(3)(A)(ii) will be declared unconstitutional to the extent that it conclusively precludes illegitimate children from proving dependency and qualifying for annuity benefits. Appropriate orders will issue.