**Barbara JENKINS, mother and next friend of Jeffery Dale Hoffman, Individually and on behalf of all persons similarly situated, Plaintiff,**

v.

**UNITED STATES CIVIL SERVICE COMMISSION et al., Defendants.**

Civ. A. No. 78–0317.

United States District Court, District of Columbia.

Nov. 9, 1978.

---

9. Letter of plaintiff addressed to the court, dated September 1, 1976.

Toby Sambol Edelman, Stephen C. Allen, Washington, D. C., Russell J. Overby, Nashville, Tenn., Gill Deford, Los Angeles, Cal., for plaintiff.

Earl J. Silbert, U. S. Atty., Robert N. Ford, Elizabeth Medaglia, Asst. U. S. Attys., Washington, D. C., for defendants.

## MEMORANDUM

CHARLES R. RICHEY, District Judge.

■ This case is before the Court on the defendants' motion for summary judgment. Upon careful consideration of the memoranda filed in support thereof and in opposition thereto, and the entire record herein, and, for the reasons hereinafter stated, the Court, finding no genuine issue of material fact in dispute, will grant summary judgment to the plaintiff, pursuant to Fed.R. Civ.P. 56.[1]

Plaintiff brought this action as a class action, which this Court conditionally certified to include "all illegitimate children, who become eligible for annuities any time since February 24, 1972, and who have been, would have been (had they applied) and will continue to be, denied Civil Service Survivor Annuities on the grounds that they did not 'live with' their parent (the Civil Service employee or member) 'in a regular parent-child relationship' prior to the parent's death." Because other children are not required by the federal statute, 5 U.S.C. § 8341(a)(3)(A)(ii), to make any comparable showing that they "lived with" their Civil Service parent, plaintiff challenges the provision as a denial of equal protection, as guaranteed by the Due Process Clause of the fifth amendment. The essence of plaintiff's complaint is that "illegitimate" children are impermissibly and unconstitutionally treated differently from other children who apply for survivor annuities.

The defendants do not defend the constitutionality of the provision. However, they contend that the Court should grant relief for the class members retroactive only to the decision in *Proctor v. United States,* 488 F.Supp. 418 (D.D.C.1977) (three-judge district court), which held the statute in issue unconstitutional. Therefore, the only issue before the Court[2] is whether relief should be retroactively granted to all "illegitimate" children in similar circumstances who became eligible for benefits prior to the *Proctor* decision.

■ Generally, judicial decisions have retroactive, as well as prospective, effect. *National Association of Broadcasters v. FCC,* 180 U.S.App.D.C. 259, 271, 554 F.2d 1118, 1130 (1976). The Supreme Court, however, has enumerated three factors which district courts must balance to determine in which limited situations retroactivity should be denied. In *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971), the Court stated:

In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, see, e. g., *Hanover Shoe, Inc. v. United Shoe Machinery Corp., supra,* 392 U.S. [481], at

---

1. A cross motion for summary judgment is not a prerequisite to the entry of a judgment for a non-moving party. *See Yacovone v. Bailar,* C.A. No. 77–2049, at n.1 (D.D.C. July 26, 1978); *National Savings and Trust Company v. Sarolea,* 269 F.Supp. 4, 7 (D.D.C.1967).

2. The Court will not rule upon the plaintiff's challenge to the manner in which the defendants have implemented the *Proctor* decision. Plaintiff's complaint was limited to the constitutional issue and this case is not presently in a posture for a determination on the implementation issue.

496, 88 S.Ct. [2224] at 2233, [20 L.Ed.2d 1231,] or by deciding an issue of first impression whose resolution was not clearly foreshadowed, see, e. g., *Allen v. State Board of Elections, supra,* 393 U.S. [544] at 57⅔, 89 S.Ct. [817] at 835, [22 L.Ed.2d 1.] Second, it has been stressed that "we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Linkletter v. Walker, supra,* 381 U.S. [618] at 629, 85 S.Ct. [1731] at 1738, [14 L.Ed.2d 601.] Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." *Cipriano v. City of Houma, supra,* 395 U.S. [701] at 706, 89 S.Ct. [1897] at 1900, 23 L.Ed.2d 647.

 Upon consideration of these three factors, the Court finds that the *Proctor* decision should be applied retroactively to February 24, 1972.[3] *Proctor* did not establish a "new" principle of law; the same statute had been held unconstitutional in *Gentry v. United States,* 546 F.2d 343 (Ct. Cl.1976); *Tenny v. United States,* 441 F.Supp. 224 (E.D.Mo.1977); and *Myers v. Hampton,* No. 8682 (S.D.Ohio, August 8, 1977). *See Kiser v. Carey,* 353 F.Supp. 736 (D.D.C.1973). The retroactivity of the *Proctor* decision will further the purposes of the survivor annuity law by giving support to dependents and by extending "benefits to surviving members of the immediate family of the annuitant, without regard to dependency." *Gentry, supra* at 353. Fur-

thermore, the equities weigh in favor of retroactive application in that the unconstitutional deprivation of benefits to the members of the class would otherwise go unremedied. Accordingly, the Court finds the three factors enunciated by the Supreme Court in *Chevron* to require the retroactive application of the *Proctor* decision.

An order in accordance with the foregoing will be issued of even date herewith.

---

3. This date represents the earliest time for which plaintiff may seek relief because of the applicable statute of limitations, 28 U.S.C. § 2401(a). Defendants have urged the Court to limit the retroactivity of the *Proctor* decision, assuming the Court were to find retroactivity appropriate, to the day following the first decision which established the unconstitutionality of the statute involved herein that was issued after *Mathews v. Lucas,* 427 U.S. 495, 96 S.Ct.

2755, 49 L.Ed.2d 651 (1976). The Court declines this invitation. The wording of the first factor in *Chevron* requires, for nonretroactivity, "overruling clear past precedent" or "not clearly foreshadowed." These terms cannot be applied to the first decision after *Mathews.* In addition, even if the first factor were in doubt, the strength of the other two factors compels this Court to apply *Proctor* retroactive to February 24, 1972.